IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jackson Hewitt, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Barnes Enterprises, Inc., a South Carolina Corporation; and Richard S. Barnes, an individual<br><br>Defendants. | Case No. 2:10-CV-05108-DMC - JAD<br><br>ANSWER<br>(Jury Trial Demanded) |

The Defendants Barnes Enterprises, Inc. and Richard S. Barnes hereby answer the Plaintiff's complaint as follows:

**FOR A FIRST DEFENSE**

1. Each and every allegation not hereinafter specifically admitted is denied.

2. The Defendants admit, upon information and belief, the allegations contained in paragraph 1.

3. The Defendants admit the allegations contained in paragraphs 2 and 3.

4. The Defendants deny the allegations and statements made in paragraphs 4, 5, 6, 7, and 8.

5. The Defendants admit the allegations contained in paragraph 9.

6. Answering the allegations contained in paragraph 10, the Defendants admit that Barnes Enterprises failed to make certain payments to the Plaintiff that it demanded and that the Plaintiff terminated the franchise agreements. All remaining allegations are denied.

7. Answering the allegations contained in paragraph 11, the Defendants would admit all allegations consistent with the terms of the referenced agreements.

8. Answering the allegations contained in paragraph 12, the Defendants lack sufficient information upon which to form a belief as to this allegation and therefore denies same.

The Plaintiff has failed to provide a detailed accounting of the alleged outstanding balance. The Defendants due, however, admit that they owe the Plaintiff some monies under the agreements at issue, which should be offset from monies/damages owed by the Plaintiff to the Defendant Barnes Enterprises.

9. The Defendants deny the allegations contained in paragraphs 13 and 14.

10. Answering the allegations contained in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30, the Defendants lack sufficient information upon which to form a belief as to these allegations and therefore deny same.

11. The Defendants admit the allegations contained in paragraphs 31 and 32.

12. Answering the allegations contained in paragraphs 33 and 34, the Defendants admit all allegations except for the referenced date.

13. Answering the allegations contained in paragraph 35, the Defendants would admit all allegations consistent with the terms of the referenced Guaranty.

14. Answering the allegations contained in paragraph 36, the Defendants would admit all the allegations consistent with the terms of the Guaranty.

15. Answering the allegations contained in paragraph 37, the Defendants would admit all the allegations consistent with the terms of the Guaranty.

16. The Defendants admit the allegations contained in paragraphs 38 and 39

17. Answering the allegations contained in paragraphs 40 and 41, the Defendants admit all allegations except for the referenced date

18. Answering the allegations contained in paragraphs 42, 43, and 44; the Defendants would admit all allegations consistent with the terms of the Guaranty.

19. The Defendants admit the allegations contained in paragraphs 45 and 46

20. Answering the allegations contained in paragraphs 47 and 48 the Defendants admit all allegations except for the referenced date.

21. Answering the allegations contained in paragraphs 49, 50, and 51, the Defendants would admit all allegations consistent with the terms of the Guaranty.

22. The Defendants admit the allegations contained in paragraphs 52 and 53.

23. Answering the allegations contained in paragraphs 54 and 55 the Defendants admit all allegations except for the referenced date.

24. Answering the allegations contained in paragraphs 56, 57, and 58, the Defendants would admit all allegations consistent with the terms of the Guaranty.

25. The Defendants admit the allegations contained in paragraphs 59 and 60.

26. Answering the allegations contained in paragraphs 61, 62, and 63, the Defendants would admit all allegations consistent with the terms of the Guaranty.

27. The Defendants admit the allegations contained in paragraphs 64 and 65.

28. Answering the allegations contained in paragraphs 66, 67, and 68, the Defendants would admit all allegations consistent with the terms of the Guaranty.

29. The Defendants admit the allegations contained in paragraphs 69 and 70.

30. Answering the allegations contained in paragraphs 71, 72, and 73, the Defendants admit all allegations consistent with the terms of the referenced Guaranty.

31. The Defendants admit the allegations contained in paragraphs 74, 75, and 76.

32. Answering the allegations contained in paragraphs 77, 78, 79, 80, and 81, the Defendants would admit all allegations consistent with the terms of the referenced Guaranty.

33. The Defendants admit the allegations contained in paragraphs 82 and 83.

34. Answering the allegations contained in paragraphs 84, 85, and 86, the Defendants would admit all allegations consistent with the terms of the referenced Guaranty.

35. The Defendants admit the allegations contained in paragraphs 87 and 88.

36. Answering the allegations contained in paragraphs 89, 90, 91, 92, 93, 94, and 95, the Defendants would admit all allegations consistent with the terms of the referenced franchise agreements.

37. The Defendants admit the allegations contained in paragraph 96.

38. Answering the allegations contained in paragraph 97, the Defendants would admit that it failed to pay certain sums requested by the Plaintiff. All remaining allegations are denied.

39. Answering the allegations contained in paragraph 98, the Defendants deny the allegations contained therein since they did not receive any such letter.

40. The Defendants lack sufficient information upon which to form a belief as to the allegations contained in paragraphs 99, 100, and 101 and therefore denies same and demand strict proof thereof.

41. Answering the allegations contained in paragraphs 102, 103, 104, and 105, the Defendants would admit all allegations consistent with the terms of the referenced agreements.

42. The Defendants deny the allegations contained in paragraph 106.

43. Answering the allegations contained in paragraphs 107 and 108, the Defendants would admit all allegations consistent with the terms of the referenced agreements.

44. The Defendants deny the allegations contained in paragraphs 109, 110, 111, 112, and 113.

45. Answering the allegations contained in paragraphs 114, 115, and 116, the Defendants admit all allegations consistent with the terms of the referenced agreements.

46. Answering the allegations contained in paragraphs 117 and 118, the Defendants admit that they have not returned any Jackson Hewitt materials to the Plaintiff, however, it has never been asked to do so. Recently the Defendants asked the Plaintiff where it would like any such documents returned and they were instructed to retain any such items until a late date.

47. The Defendants deny the allegations contained in paragraphs 119.

48. As to the allegations contained in paragraph 120, the Defendants admit that the signs remained up until the Defendants could arrange for their removal and obtain the necessary permission/permits to remove the signs.

49. As to the allegations contained in paragraph 121, the Defendants did not receive the notice of termination that was allegedly sent on August 9, 2010. The Defendants admit that a tax school notice may have been located/available at certain locations. All remaining allegations are denied.

50. The Defendants deny the allegations contained in paragraph 122.

51. The Defendants admit the allegations contained in paragraph 123. The Defendants deny any such use once it received notice of termination of the Franchise Agreements.

52. Answering the allegations contained in paragraphs 124, 125, and 126, the Defendants admit that they have failed to pay certain monies owed to the Plaintiff, however, such failure resulted from the Plaintiff's failure to offer a refund anticipation loan financial product which violated the terms and the spirit of the referenced franchise agreements.

53. Answering the allegations contained in paragraphs 127, 128, 129, 130, and 131, the Defendants would admit all allegations consistent with the terms of the referenced franchise agreement.

54. Answering the reallegations contained in paragraph 132, the Defendants would reassert and reallege each and every answer previously provided herein.

55. The Defendants lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 133 and therefore they deny same to the extent that the statements therein constitute allegations.

56. The Defendants deny the allegations contained in paragraphs 134 and 135.

57. Answering the allegations contained in paragraphs 136 and 137, the Defendants admit all allegations consistent with the terms of the franchise agreements.

58. The Defendants deny the allegations contained in paragraphs 138 and 139.

59. Answering the reallegations contained in paragraph 140, the Defendants would reassert each and every answer previously provided herein.

60. The Defendants deny the allegations contained in paragraphs 141, 142, 143, 144, 145, 146, and 147.

61. Answering the reallegations contained in paragraph 148, the Defendants would reassert each and every answer previously provided herein.

62. The Defendants deny the allegations contained in paragraphs 149, 150, 151, 152, 153, 154, 155, 156, and 157.

63. Answering the reallegations contained in paragraph 158, the Defendants would reassert each and every answer previously provided herein.

64. The Defendants deny the allegations contained in paragraphs 159, 160, 161, and 162.

65. Answering the reallegations contained in paragraph 163, the Defendants would reassert each and every answer previously provided herein.

66. The Defendants deny the allegations contained in paragraphs 164, 165, 166, and 167.

67. Answering the reallegations contained in paragraph 168, the Defendants would reassert each and every answer previously provided herein.

68. The Defendants deny the allegations contained in paragraphs 169, 170, 171, and 172.

69. Answering the reallegations contained in paragraph 173, the Defendants would reassert each and every answer previously provided herein.

70. Answering the allegations contained in paragraphs 174, 175, and 176, the Defendants would admit all allegations consistent with the terms of the Franchise Agreements and Guaranty.

71. The Defendants deny the allegations contained in paragraphs 177, 178 and 179.

72. Answering the reallegations contained in paragraph 180, the Defendants would reassert each and every answer previously provided herein.

73. Answering the allegations contained in paragraph 181, the Defendants would admit all allegations consistent with the terms of the referenced franchise agreements.

74. Answering the allegations contained in paragraph 182, the Defendants that they failed to remit certain fees due and owing under the franchise agreements.

75. The Defendants deny the allegations contained in paragraph 183.

76. Answering the reallegations contained in paragraph 184, the Defendants would reassert each and every answer previously provided herein.

77. Answering the allegations contained in paragraph 185, the Defendants admit all allegations consistent with the terms of the referenced Notes.

78. Answering the allegations contained in paragraph 186, the Defendants admit that they have failed to pay Jackson Hewitt certain sums. All remaining allegations are denied.

79. The Defendants deny the allegations contained in paragraphs 187 and 188.

80. Answering the reallegations contained in paragraph 189, the Defendants would reassert each and every answer previously provided herein.

81. Answering the allegations contained in paragraphs 190, 191, 192, 193 and 194, the Defendants would admit all allegations consistent with the terms of the referenced franchise agreement and Guarantys.

82. The Defendants deny the allegations contained in paragraphs 195, 196, 197, and 198.

83. Answering the reallegations contained in paragraph 199, the Defendants would reassert each and every answer previously provided herein.

84. Answering the allegations contained in paragraphs 200, 201, 202, and 203, the Defendants admit that they have failed to remit certain sums to Jackson Hewitt, however, its failure to do so is based upon the Plaintiff's breach of the referenced agreements when it failed to provide among other things, a competitive refund anticipation loan product for early 2010 for the use of the Defendants.

85. The Defendants deny the allegations contained in paragraph 204.

86. Answering the reallegations contained in paragraph 205, the Defendants would reassert each and every answer previously provided herein.

87. Answering the allegations contained in paragraph 206, the Defendants admit all allegations consistent with the terms of the referenced Guarantys.

88. The Defendants deny the allegations contained in paragraphs 207 and 208.

89. Answering the reallegations contained in paragraph 209, the Defendants would reassert each and every answer previously provided herein.

90. The Defendants deny the allegations contained in paragraphs 210, 211, 212, 213, and 214.

## FOR A SECOND DEFENSE

91. The Plaintiff has failed to state a claim upon which relief can be granted its complaint and all causes of action therein shall be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

92. This court lacks personal jurisdiction over these Defendants and venue is improper in this court and consequently this action should be dismissed with prejudice pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure.

## FOR A FOURTH DEFENSE

93. The Plaintiff has failed to mitigate its damages in this matter and to the extent it has resold the Franchised Territories, it has failed to give the Defendants a credit for this sale(s).

## FOR A FIFTH DEFENSE

94. The Defendants are entitled to setoff from any damages awarded against them any sums that the Plaintiff owes them pursuant to Franchise Agreements at issue and any counter claims that may be alleged.

## FOR A SIXTH DEFENSE

95. The Defendants are entitled to recoup from the Plaintiff any sums that they are awarded pursuant to any counterclaim they may assert, as well as, any sums due and owing by the Plaintiff pursuant to the referenced Franchise Agreements, Notes, and Guarantys.

## FOR A SEVENTH DEFENSE

96. The Plaintiff is barred from recovering any sums from the Defendants as a result of the equitable doctrine of unclean hands.

### FOR AN EIGHTH DEFENSE

97. The Plaintiff has violated the covenant of good faith and fair dealing implicit in the referenced Franchise Agreements and consequently is barred from recovering against these Defendants.

### FOR A NINTH DEFENSE

98. The Plaintiff is estopped from recovering any sums from the Defendants as a result of its alleged breach of the Franchise Agreements due to, among other things, its failure to provide competitive refund anticipation loans, as well as, refusing to allow the Defendants to obtain their own refund anticipation loans once it became apparent that the Plaintiff was unable to provide a similar competitive product.

### FOR A TENTH DEFENSE

99. The Plaintiff's contractual claims are barred due to its attempt to enforce an adhesion/unconscionable contract which violates the public policy of the States of South Carolina and New Jersey.

**WHEREFORE**, having answered the Plaintiff's complaint, the Defendants would request that the court dismiss the Plaintiff's complaint with prejudice, that the court award their costs in attorney's fees in defending this action, as well as, such other and further relief as the court deems just and proper.

*Jackson Hewitt Inc. v. Barnes Enterprises, Inc., et al*
*Case No.: 2:10-cv-05108-DMC – JAD*
*Answer*

Florence, South Carolina

November 5, 2010

By: /s/ Richard Barnes
Richard Barnes
2401 S. Hallmark Drive
Florence, SC  29505
(843) 409-1942

PRO SE DEFENDANTS

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
NOV - 8 2010
AT 8:30 ___ 10:21 A M
WILLIAM T. WALSH, CLERK

| | |
|---|---|
| Jackson Hewitt, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Barnes Enterprises, Inc., a South Carolina Corporation; and Richard S. Barnes, an individual<br><br>Defendants. | Case No.  2:10-CV-05108-DMC - JAD<br><br>CERTIFICATE OF SERVICE |

I hereby certify that I have this 5th day of November, 2010 served a copy of the foregoing Answer and Disclosure Statement upon counsel of record by mailing a copy of the same postage prepaid to:

James S. Coons
ANSA ASSUNCAO, LLP
Two Tower Center Boulevard, Suite 1600
East Brunswick, New Jersey 08816

_____
Richard Barnes