**EINBINDER & DUNN, LLP**
Michael Einbinder, Esq.
Kenneth L. Leiby, Jr., Esq.
159 Millburn Ave.
Millburn, NJ 07041-1849
973-921-2000
*Attorneys for Defendants G.A.L.T. Investments, L.L.C.; Traci Elter*
*George Schultz; Linda Schultz; and Andrew Fournier*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC.<br>                    *Plaintiff,*<br><br>    -v-<br><br>BARNES ENTERPRISES, et al;<br>                    *Defendants.* | |
| JACKSON HEWITT INC.<br>                    *Plaintiff,*<br><br>    -v-<br><br>DJSG UTAH TAX SERVICE, et al;<br>                    *Defendants.* | Consolidated   Case   No.:   2:10-cv-05108 (DMC) (JAD) |
| JACKSON HEWITT INC.<br>                    *Plaintiff,*<br><br>    -v-<br><br>G.A.L.T. INVESTMENTS, LLC, et al;<br>                    *Defendants.* | |
| JACKSON HEWITT INC.<br>                    *Plaintiff,*<br><br>    -v-<br><br>H.E.A.T. ENTERPRISES, LLC, et al;<br>                    *Defendants.* | |

JACKSON HEWITT INC.
                            *Plaintiff*,

   -v-

NATIONAL TAX NETWORK, LLC, et
al;

                            *Defendants.*

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS G.A.L.T.
INVESTMENTS, LLC, GEORGE SCHULTZ, LINDA SCHULTZ,
ANDREW FOURNIER AND TRACI ELTER**

**JURY TRIAL DEMANDED**

Defendants G.A.L.T. Investments, LLC ("GALT"), George Schultz, Linda
Schultz, Andrew Fournier and Traci Elter, by their attorneys, Einbinder & Dunn,
LLP, answering the Verified Complaint of plaintiff Jackson Hewitt Inc. ("JHI"), allege
as follows:

1.     Defendants deny knowledge and information sufficient to form a belief
as to the truth of the allegations contained in paragraph 1 of the Verified Complaint.

2.     Defendants admit the allegations contained in paragraph 2 of the
Verified Complaint.

3.     Defendants admit that defendant George Schultz is a citizen and
resident of California.  Defendants admit that defendant George Schultz owns 15% of
defendant GALT.   Defendants respectfully refer the Court to the franchise
agreements for their legal import and meaning relative to the allegations contained in

2

paragraph 3 of the Verified Complaint.  Except as specifically stated, defendants deny the allegations contained in paragraph 3 of the Verified Complaint.

4.      Defendants admit that defendant Linda Schultz is a citizen and resident of California.  Defendants admit that defendant Linda Schultz owns 15% of defendant GALT.  Defendants respectfully refer the Court to the franchise agreements for their legal import and meaning relative to the allegations contained in paragraph 4 of the Verified Complaint.  Except as specifically stated, defendants deny the allegations contained in paragraph 4 of the Verified Complaint.

5.      Defendants admit that defendant Andrew Fournier is a citizen and resident of Texas.  Defendants admit that defendant Andrew Fournier owns 35% of defendant GALT. Defendants respectfully refer the Court to the franchise agreements for their legal import and meaning relative to the allegations contained in paragraph 5 of the Verified Complaint.  Except as specifically stated, defendants deny the allegations contained in paragraph 5 of the Verified Complaint.

6.      Defendants admit that defendant Traci Elter is a citizen and resident of Texas.  Defendants admit that defendant Traci Elter owns 35% of defendant GALT. Defendants respectfully refer the Court the agreements for their legal import and meaning relative to the allegations contained in paragraph 6 of the Verified Complaint.  Except as specifically stated, defendants deny the allegations contained in paragraph 6 of the Verified Complaint.

7.     Answering paragraph 7 of the Verified Complaint, defendants aver that claims asserted under the Lanham Act were rendered moot pursuant to the consent order entered in this action on December 30, 2010.

8.     Defendants aver that the allegations contained in paragraph 8 of the Verified Complaint call for conclusions of law.

9.     Defendants admit that GALT executed certain franchise agreements with JHI and refer this court to those franchise agreements for their legal import and meaning. Defendants aver that the allegations contained in paragraph 9 of the Verified Complaint call for conclusions of law.   Except as specifically stated, defendants deny the allegations contained in paragraph 9 of the Verified Complaint.

10.     Defendants admit that defendants George Schultz, Linda Schultz, Andrew Fournier and Traci Elter executed certain documents entitled Guaranty of Franchisee's Undertakings contained in the franchise agreements referred to above and refer this court to those documents for their legal import and meaning. Defendants aver that the allegations contained in paragraph 10 of the Verified Complaint call for conclusions of law.   Except as specifically stated, defendants deny the allegations contained in paragraph 10 of the Verified Complaint.

11.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those agreements for their legal import and meaning. Defendants aver that the allegations contained in paragraph 11 of the Verified

4

Complaint call for conclusions of law.  Except as specifically stated, defendants deny the allegations contained in paragraph 11 of the Verified Complaint.

12.    Defendants admit that GALT executed certain franchise agreements with JHI for the operation Jackson Hewitt tax preparation businesses.  Defendants aver that the allegations contained in paragraph 12 of the Verified Complaint call for conclusions of law.  Except as specifically stated, defendants deny the allegations contained in paragraph 12 of the Verified Complaint.

13.    Defendants admit that JHI terminated the franchise agreements, aver that the termination was improper and otherwise deny each of the allegations contained in paragraph 13 of the Verified Complaint.

14.    Defendants deny the allegations contained in paragraph 14 of the Verified Complaint.

15.    Defendants deny the allegations contained in paragraph 15 of the Verified Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of the Verified Complaint.

17.    Defendants aver that JHI's requests for a preliminary and permanent injunction have been resolved pursuant to the consent order entered in this action on December 30, 2010.  Except as specifically stated, defendants deny the allegations contained in paragraph 17 of the Verified Complaint.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Verified Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Verified Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Verified Complaint and aver that JHI was required to provide GALT with services and products of uniform and high quality to offer customers of GALT's Jackson Hewitt businesses.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Verified Complaint.  Defendants aver that JHI was required to provide GALT with access to individual state and federal tax return preparation and processing software (the "JHI Software"), and that the JHI Software did not ensure that GALT was able to meet uniform high, quality standards.  Defendants deny that the JHI Software accurately tracked the volume of GALT's business or royalties owed.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Verified Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Verified Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Verified Complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Verified Complaint.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 26 of the Verified Complaint. Defendants aver that the allegations that the registrations of the Jackson Hewitt Marks are incontestable under Section 15 of the Lanham Act and that each registration is prima facie evidence of the validity of the registration of the Jackson Hewitt Marks, of Jackson Hewitt's ownership of those marks and of Jackson Hewitt's exclusive right to use those marks in commerce on the service and goods listed in paragraph 26 of the Verified Complaint call for conclusions of law.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 27 of the Verified Complaint and aver that the allegations that Jackson Hewitt has complied with all legal requirements to ensure that Jackson Hewitt remains the exclusive user of the Jackson Hewitt Marks call for a conclusion of law.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Verified Complaint.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Verified Complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Verified Complaint.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Verified Complaint.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Verified Complaint.

33.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Verified Complaint.

34.    Answering paragraph 34 of the Verified Complaint, Defendants admit that on or about October 11, 2007, GALT executed a franchise agreement with JHI and refer the Court to the franchise agreement for its legal import and meaning.

35.    Answering paragraph 35 of the Verified Complaint, defendants aver that Schedule B of the franchise agreement speaks for itself and refer the Court to that document for its legal import and meaning.

36.    Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 11, 2007 and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 36 of the Verified Complaint.

37.    Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 11, 2007 and refer the Court to that document for its

legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 37 of the Verified Complaint.

38.   Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 11, 2007 and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 38 of the Verified Complaint.

39.   Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 11, 2007 and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 39 of the Verified Complaint.

40.   Answering paragraph 40 of the Verified Complaint, defendants aver that defendants executed a certain document dated November 14, 2007 entitled Addendum To Franchise Agreement and refer the Court to that document for its legal import and meaning.

41.   Answering paragraph 41 of the Verified Complaint, defendants admit that on or about October 16, 2008, GALT executed a franchise agreement with JHI and refer the Court to the franchise agreement for its legal import and meaning.

42.     Answering paragraph 42 of the Verified Complaint, defendants aver that Schedule B of the franchise agreement speaks for itself and refer the Court to that document for its legal import and meaning.

43.     Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 43 of the Verified Complaint.

44.     Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 44 of the Verified Complaint.

45.     Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 45 of the Verified Complaint.

46.     Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that document for its

legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 46 of the Verified Complaint.

47.     Answering paragraph 47 of the Verified Complaint, defendants admit that on or about October 16, 2008, GALT executed a franchise agreement with JHI and refer the Court to the franchise agreement for its legal import and meaning.

48.     Answering paragraph 48 of the Verified Complaint, defendants aver that Schedule B of the franchise agreement speaks for itself and refer the Court to that document for its legal import and meaning.

49.     Defendants admit that George Schultz, Linda Schultz, Andrew Fournier and Traci Elter executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that document for its legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 49 of the Verified Complaint.

50.     Defendants admit that George Schultz, Linda Schultz, Andrew Fournier and Traci Elter executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that document for its legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 50 of the Verified Complaint.

51.     Defendants admit that George Schultz, Linda Schultz, Andrew Fournier and Traci Elter executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that

document for its legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 51 of the Verified Complaint.

52. Defendants admit that George Schultz, Linda Schultz, Andrew Fournier and Traci Elter executed a certain document with JHI entitled Guaranty of Franchisee's Undertakings dated October 16, 2008 and refer the Court to that document for its legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 52 of the Verified Complaint.

53. Answering paragraph 53 of the Verified Complaint, defendants admit that on or about January 12, 2007, George Schultz, Linda Schultz and Andrew Fournier executed a franchise agreement with JHI and refer the Court to the franchise agreement for its legal import and meaning.

54. Answering paragraph 54 of the Verified Complaint, defendants aver that Schedule B of the franchise agreement speaks for itself and refer the Court to that document for its legal import and meaning.

55. Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document entitled Guaranty of Franchisee's Undertakings dated January 12, 2007and refer the Court to that document for its legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 55 of the Verified Complaint.

56. Defendants admit the allegations contained in paragraph 56 of the Verified Complaint.

12

57.     Answering paragraph 57 of the Verified Complaint, defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain undated document entitled Guaranty of Franchisee's Undertakings and refer the Court to that document for its legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 57 of the Verified Complaint.

58.     Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain undated document entitled Guaranty of Franchisee's Undertakings and refer the Court to that document for its legal import and meaning. Except as specifically stated, defendants deny the allegations contained in paragraph 58 of the Verified Complaint.

59.     Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain undated document entitled Guaranty of Franchisee's Undertakings and refer the Court to that document for its legal import and meaning. Except as specifically stated, defendants deny the allegations contained in paragraph 59 of the Verified Complaint.

60.     Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain undated document entitled Guaranty of Franchisee's Undertakings and refer the Court to that document for its legal import and meaning. Except as specifically stated, defendants deny the allegations contained in paragraph 60 of the Verified Complaint.

61.     Answering paragraph 61 of the Verified Complaint, defendants aver that defendants executed a certain document dated November 14, 2007 entitled Addendum To Franchise Agreement and refer the Court to that document for its legal import and meaning.

62.     Defendants admit that defendants executed a document dated October 16, 2008 entitled Promissory Note and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 62 of the Verified Complaint.

63.     Defendants admit that defendants GALT, George Schultz, Linda Schultz and Andrew Fournier executed a certain document dated November 13, 2007 entitled New Storefront Promissory Note and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 63 of the Verified Complaint.

64.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to the franchise agreements for their legal import and meaning.

65.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to the franchise agreements for their legal import and meaning.

66.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to the franchise agreements for their legal import and meaning.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Verified Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Verified Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Verified Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Verified Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Verified Complaint.

72.     Answering paragraph 72 of the Verified Complaint, defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

73.     Answering paragraph 73 of the Verified Complaint, defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

74.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

75.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

76.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

77.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

78.     Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

79.     Defendants admit GALT received a letter dated August 24, 2010 and refer the Court to that letter for its legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 79 of the Verified Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Verified Complaint.

81.     Defendants admit that GALT received a letter dated September 21, 2010 purporting to terminate the franchise agreements and refer the Court to that letter for its import and meaning.  Defendants aver that the termination was improper.  Except as specifically stated, defendants deny the allegations contained in paragraph 81 of the Verified Complaint.

82.     Defendants admit that GALT received a letter dated September 21, 2010 and refer the Court to that letter for its import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 82 of the Verified Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Verified Complaint.

84.     Defendants admit that GALT received a letter dated September 21, 2010 and refer the Court to that letter for its import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 84 of the Verified Complaint.

85.     Defendants admit that GALT executed certain franchise agreements and refer the Court to those franchise agreements for their legal import and meaning.  Defendants deny that the termination of the franchise agreements was proper.  Defendants aver that they were not obligated to comply with any post-termination obligations.  Defendants further aver that notwithstanding the improper termination of the franchise agreements, defendants complied with all purported post-termination

obligations contained in the franchise agreements. Except as specifically stated, defendants deny the allegations contained in paragraph 85 of the Verified Complaint.

86.    Defendants admit that GALT executed certain franchise agreements and refer the Court to those franchise agreements for their legal import and meaning. Defendants deny that the termination of the franchise agreements was proper. Defendants aver that they were not obligated to comply with any post-termination obligations.

87.    Answering paragraph 87 of the Verified Complaint, defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

88.    Answering paragraph 88 of the Verified Complaint, defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

89.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 89 of the Verified Complaint.

90.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

91.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

92.    Defendants deny the allegations contained in paragraph 92 of the Verified Complaint.

93.    Defendants deny the allegations contained in paragraph 93 of the Verified Complaint.

94.    Defendants deny the allegations contained in paragraph 94 of the Verified Complaint.

95.    Defendants deny the allegations contained in paragraph 95 of the Verified Complaint.

96.    Defendants deny the allegations contained in paragraph 96 of the Verified Complaint.

97.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 97 of the Verified Complaint.

98.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

99.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

100.   Defendants deny the allegations contained in paragraph 100 of the Verified Complaint.

101.   Defendants deny the allegations contained in paragraph 101 of the Verified Complaint.

102.   Defendants deny the allegations contained in paragraph 102 of the Verified Complaint.

103.   Defendants deny the allegations contained in paragraph 103 of the Verified Complaint.

104.   Defendants deny the allegations contained in paragraph 104 of the Verified Complaint.

105.   Defendants deny the allegations contained in paragraph 105 of the Verified Complaint.

106.   Defendants deny the allegations contained in paragraph 106 of the Verified Complaint.

107.   Defendants deny the allegations contained in paragraph 107 of the Verified Complaint.

108.   Defendants deny the allegations contained in paragraph 108 of the Verified Complaint.

109.   Defendants deny the allegations contained in paragraph 109 of the Verified Complaint.

110.   Defendants deny the allegations contained in paragraph 110 of the Verified Complaint.

111.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

112.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 112 of the Verified Complaint.

113.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 113 of the Verified Complaint.

114.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 114 of the Verified Complaint.

115.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 115 of the Verified Complaint.

116.    Answering paragraph 116 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 115 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

117.    Answering paragraph 117 of the Verified Complaint, defendants refer the Court to the statute cited therein for its legal import and meaning.

118.    Defendants deny the allegations contained in paragraph 118 of the Verified Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Verified Complaint.

120.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 120 of the Verified Complaint.

121.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 121 of the Verified Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the Verified Complaint.

123.   Defendants deny the allegations contained in paragraph 123 of the Verified Complaint.

124.   Answering paragraph 124 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 123 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

125.   Answering paragraph 125 of the Verified Complaint, defendants refer the Court to the statute cited therein for its legal import and meaning.

126.   Defendants deny the allegations contained in paragraph 126 of the Verified Complaint.

127.   Defendants deny the allegations contained in paragraph 127 of the Verified Complaint.

128.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 128 of the Verified Complaint.

129.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 129 of the Verified Complaint.

130.   Defendants deny the allegations contained in paragraph 130 of the Verified Complaint.

131.   Defendants deny the allegations contained in paragraph 131 of the Verified Complaint.

132.   Answering paragraph 132 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 131 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

133.   Answering paragraph 133 of the Verified Complaint, defendants refer the Court to the statute cited therein for its legal import and meaning.

134.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 134 of the Verified Complaint.  Defendants aver that the allegation that the Jackson Hewitt Marks have become "famous" within the meaning of the Lanham Act calls for a conclusion of law.

135.   Defendants deny the allegations contained in paragraph 135 of the Verified Complaint.

136.   Defendants deny the allegations contained in paragraph 136 of the Verified Complaint.

137.   Defendants deny the allegations contained in paragraph 137 of the Verified Complaint.

138.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 138 of the Verified Complaint.

139.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 139 of the Verified Complaint.

140.   Defendants deny the allegations contained in paragraph 140 of the Verified Complaint.

141.   Defendants deny the allegations contained in paragraph 141 of the Verified Complaint.

142.   Answering paragraph 142 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 141 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

143.   Answering paragraph 143 of the Verified Complaint, defendants aver that the allegation contained therein calls for a conclusion of law.

144.   Defendants deny the allegations contained in paragraph 144 of the Verified Complaint.

145.    Defendants deny the allegations contained in paragraph 145 of the Verified Complaint.

146.    Defendants deny the allegations contained in paragraph 146 of the Verified Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Verified Complaint.

148.    Answering paragraph 148 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 147 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

149.    Defendants deny the allegations contained in paragraph 149 of the Verified Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Verified Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of the Verified Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of the Verified Complaint.

153.    Answering paragraph 153 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information

set forth in paragraphs 1 through 152 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

154.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

155.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 155 of the Verified Complaint.

156.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 156.

157.   Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed a certain document entitled Guaranty of Franchisee's Undertakings and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 157 of the Verified Complaint.

158.   Defendants admit that George Schultz, Linda Schultz, Andrew Fournier and Traci Elter executed certain documents with JHI entitled Guaranty of Franchisee's Undertakings and refer the Court to those documents for their legal

27

import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 158 of the Verified Complaint.

159.   Defendants deny the allegations contained in paragraph 159 of the Verified Complaint.

160.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 160.

161.   Defendants deny the allegations contained in paragraph 161 of the Verified Complaint.

162.   Answering paragraph 162 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 161 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

163.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 163.

164.   Defendants deny the allegations contained in paragraph 164 of the Verified Complaint.

165.   Defendants deny the allegations contained in paragraph 165 of the Verified Complaint.

166.   Answering paragraph 166 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 165 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

167.   Defendants admit that defendants executed a document dated October 16, 2008 entitled Promissory Note and refer the Court to that document for its legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 167 of the Verified Complaint.

168.   Defendants deny the allegations contained in paragraph 168 of the Verified Complaint.

169.   Defendants deny the allegations contained in paragraph 169 of the Verified Complaint.

170.   Defendants deny the allegations contained in paragraph 170 of the Verified Complaint.

171.   Answering paragraph 171 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 170 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

172.    Defendants admit that defendants GALT, George Schultz, Linda Schultz and Andrew Fournier executed a certain document dated November 13, 2007 entitled New Storefront Promissory Note and refer the Court to that document for its legal import and meaning.    Except as specifically stated, defendants deny the allegations contained in paragraph 63 of the Verified Complaint.

173.    Defendants deny the allegations contained in paragraph 173 of the Verified Complaint.

174.    Defendants deny the allegations contained in paragraph 174 of the Verified Complaint.

175.    Defendants deny the allegations contained in paragraph 175 of the Verified Complaint.

176.    Answering paragraph 176 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 175 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

177.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

178.    Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

179.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.

180.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the Verified Complaint.

181.   Defendants deny the allegations contained in paragraph 181 of the Verified Complaint.

182.   Defendants deny the allegations contained in paragraph 182 of the Verified Complaint.

183.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 183.

184.   Defendants admit that George Shultz, Linda Shultz and Andrew Fournier executed certain documents entitled Guaranty of Franchisee's Undertakings and refer the Court to those documents for their legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 184.

185.   Defendants admit that George Shultz, Linda Shultz, Andrew Fournier and Traci Elter executed certain documents entitled Guaranty of Franchisee's Undertakings and refer the Court to those documents for their legal import and

meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 185.

186.   Defendants deny the allegations contained in paragraph 186 of the Verified Complaint.

187.   Answering paragraph 187 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 186 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

188.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 188.

189.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 189.

190.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 190.

191.   Defendants admit that GALT executed certain franchise agreements with JHI and refer the Court to those franchise agreements for their legal import and meaning.   Except as specifically stated, defendants deny the allegations contained in paragraph 191.

192.   Defendants admit that George Shultz, Linda Shultz and Andrew Fournier executed certain documents entitled Guaranty of Franchisee's Undertakings and refer the Court to those documents for their legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 192.

193.   Defendants admit that George Shultz, Linda Shultz, Andrew Fournier and Traci Elter executed certain documents entitled Guaranty of Franchisee's Undertakings and refer the Court to those documents for their legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 193.

194.   Defendants admit that wrongfully terminated the franchise agreements. Except as specifically stated, defendants deny the allegations contained in paragraph 194 of the Verified Complaint.

195.   Defendants deny the allegations contained in paragraph 195 of the Verified Complaint.

196.   Defendants deny the allegations contained in paragraph 196 of the Verified Complaint.

197.   Answering paragraph 197 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 196 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

198.   Defendants deny the allegations contained in paragraph 198 of the Verified Complaint.

199.   Defendants deny the allegations contained in paragraph 199 of the Verified Complaint.

200.   Defendants deny the allegations contained in paragraph 200 of the Verified Complaint.

201.   Defendants deny the allegations contained in paragraph 201 of the Verified Complaint.

202.   Defendants deny the allegations contained in paragraph 202 of the Verified Complaint.

203.   Defendants deny the allegations contained in paragraph 203 of the Verified Complaint.

204.   Defendants deny the allegations contained in paragraph 204 of the Verified Complaint.

205.   Answering paragraph 205 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information

set forth in paragraphs 1 through 204 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

206.   Defendants admit that George Schultz, Linda Schultz and Andrew Fournier executed certain documents entitled Guaranty of Franchisee's Undertakings and refer the Court to those documents for their legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 206 of the Verified Complaint.

207.   Defendants deny the allegations contained in paragraph 207 of the Verified Complaint.

208.   Defendants deny the allegations contained in paragraph 208 of the Verified Complaint.

209.   Answering paragraph 209 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 208 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

210.   Defendants admit that George Schultz, Linda Schultz, Andrew Fournier and Traci Elter executed certain documents entitled Guaranty of Franchisee's Undertakings and refer the Court to those documents for their legal import and meaning.  Except as specifically stated, defendants deny the allegations contained in paragraph 210 of the Verified Complaint.

211.   Defendants deny the allegations contained in paragraph 211 of the Verified Complaint.

212.   Defendants deny the allegations contained in paragraph 212 of the Verified Complaint.

213.   Answering paragraph 213 of the Verified Complaint, defendants repeat and reallege each and every admission, denial, and denial of knowledge or information set forth in paragraphs 1 through 212 of this Answer with Counterclaims with the same force and effect as if herein set forth at length.

214.   Defendants deny the allegations contained in paragraph 214 of the Verified Complaint.

215.   Defendants deny the allegations contained in paragraph 215 of the Verified Complaint.

216.   Defendants deny the allegations contained in paragraph 216 of the Verified Complaint.

217.   Defendants deny the allegations contained in paragraph 217 of the Verified Complaint.

218.   Defendants deny the allegations contained in paragraph 218 of the Verified Complaint.

219.   Defendants deny the allegations contained in paragraph 219 of the Verified Complaint.

220.   Defendants deny the allegations contained in paragraph 220 of the Verified Complaint.

221.   Defendants deny the allegations contained in paragraph 221 of the Verified Complaint.

## AS AND FOR DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

222.   JHI's Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

223.   The contractual provisions relied upon by JHI in asserting its claims are void and/or unenforceable under applicable law.

### THIRD AFFIRMATIVE DEFENSE

224.   JHI's claims are barred by the doctrine of Estoppel.

### FOURTH AFFIRMATIVE DEFENSE

225.   JHI's prayers for equitable relief against defendants are barred by the doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

226.   JHI is guilty of willful misconduct which gave rise to the alleged injuries, if any, and as a result thereof, JHI's claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

227.   JHI is guilty of willful breach of its duty of good faith and fair dealing implied in each of the franchise agreements and such breach acts as a discharge of defendants' post-termination covenants.

## SEVENTH AFFIRMATIVE DEFENSE

228.   The damages allegedly suffered by JHI, if any, were caused in whole or in part by JHI's own acts and omissions.

## EIGHTH AFFIRMATIVE DEFENSE

229.   The contractual provisions upon which JHI's claims are based are not enforceable by reason of applicable New Jersey law.

## NINTH AFFIRMATIVE DEFENSE

230.   JHI's claims are barred as a result of JHI's prior material breaches of the franchise agreements including the failure to provide adequate tax preparation software; misuse of the advertising fund; improper termination of the franchise agreements; and the failure to maintain a properly functioning financial reporting system as required by the franchise agreements.

## AS AND FOR DEFENDANTS' COUNTERCLAIMS

## FACTUAL BACKGROUND

1.     On or about October 11, 2007 and October 16, 2008, GALT executed three franchise agreements with JHI pursuant to which JHI received the right to operate three Jackson Hewitt tax preparation businesses in Territories identified by certain zip codes in Texas.

2.     On or about January 12, 2007, George Schultz, Linda Schultz and Andrew Fournier executed a franchise agreement with JHI pursuant to which they would operate a Jackson Hewitt tax preparation business in a Territory identified by certain zip codes in Texas.  That franchise agreement was transferred to GALT by document dated January 12, 2007.

3.     The terms of the four franchise agreements referred to herein are similar for all purposes herein and will be collectively referred to as the Franchise Agreements.

4.     The franchises were retail businesses which prepared tax returns for individuals using JHI's software and trademarks.

5.     Subsequent to executing the Franchise Agreements, GALT commenced operations of the franchises.

6.     Pursuant to the Franchise Agreements, GALT would pay JHI a royalty fee equal to fifteen percent of GALT's Gross Volume of Business as well as a fee of $2.00 for each federal tax return GALT filed electronically.

7.     GALT was also required to pay advertising and marketing fees equal to six percent of its Gross Volume of Business.

8.     The advertising and marketing fees were to be used by JHI to prepare, produce, conduct and place advertising and promotional programs to promote general public awareness of the Jackson Hewitt brand and franchise system.

9.     Pursuant to the franchise agreements, JHI was required to provide GALT with access to software, including its most current individual federal tax return preparation, processing and receipt journal software for the franchised businesses.

10.    JHI was also required to provide GALT with any state tax preparation software and electronic filing programs it developed and offered.

11.    GALT was not permitted to use or install any other federal or state personal income tax return preparation or electronic software without JHI's prior approval.

12.    The software was to be used for preparing customer's tax returns, to facilitate the offering of refund anticipation loans (RALs) and other bank products to GALT's customers, and to file financial reports.

13.    The software was supposed to make the preparation of tax returns fast and easy and was a critical component of the operation of the franchises.  Indeed, it

was critical to customers that GALT be able to efficiently and quickly file tax returns on their behalf.

14.     In conjunction with the preparation of an individual's tax return, GALT would file an application with a financial institution for a RAL on behalf of the customer.  The tax return would be concurrently filed with the IRS.  Once the tax return was accepted by the IRS and the anticipated refund confirmed, the bank would provide a refund anticipated loan, splitting the funds so that the tax preparation fees payable to GALT, JHI and the bank would be deducted from the RAL and paid directly to GALT with the balance of the RAL going to the customer.

15.     Many customers wanted the benefit of RALs and other bank products. If a customer received a RAL, they would not have to pay out-of-pocket for tax preparation services.  Nor would he or she have to wait until after the IRS fully processed the return before receiving the anticipated tax refund amount.

16.     Throughout the 2009 and 2010 tax seasons there were significant problems with JHI's proprietary software. Often, the system would freeze or otherwise stop functioning properly.

17.     Sometimes the system refused to transmit returns which had financial institution documents attached to them for a RAL.

18.     The system also failed to properly complete some schedules, such as schedule L.

19.     The system would also fail to promptly or properly complete and submit a return with an associated application for a RAL.

20.     As a result of these and other software issues, GALT lost the ability to offer RALs to customers, GALT lost customers and lost what should have been repeat business from customers.

21.     Pursuant to the Franchise Agreements, GALT was required to use the forms and reports specified by JHI in the operation of the franchises.  Those reports were known as GVRs

22.     GALT was required to finalize the GVRs every two weeks during the months January through April, and monthly thereafter.

23.     Due to the inadequacies of the GVR reporting system, it did not always accurately reflect the revenue earned by GALT. GALT therefore had to reconcile the data contained in the reporting system with its bank statements and other business records prior to finalizing the GVRs to determine actual gross revenues.

24.     If JHI's data did not reconcile with GALT's information, GALT could not finalize the GVR.

25.     JHI would often refuse to assist in the reconciliation or even review the documents GALT submitted to it to show that the data in the GVR was incorrect.

26.     In early 2009, GALT finalized GVRs which erroneously indicated that GALT had received a greater amount of fees than had actually been deposited into its

account. Indeed, over a period of three months the GVR indicated that GALT had received over $40,000 in fees which were never deposited into its account.

27.     GALT finalized the GVR and paid royalties on the full amount notwithstanding the discrepancy of over $40,000 in order to timely comply with its reporting requirements.

28.     Thereafter, GALT continually sought to correct the GVR but JHI refused to do so and insisted that GALT had in fact received the $40,000.

29.     In August 2009, the additional sum of approximately $40,000 appeared in GALT's account.

30.     Upon information and belief, JHI intercepted, misappropriated and retained $40,000 in tax preparation fees which should have been deposited to GALT's account.

31.     In 2010, GALT reconciled the first GVR for the period through January 15, 2010.

32.     The GVR for GALT's second period in 2010 was not correct.

33.     JHI refused to correct the GVR notwithstanding GALT's request that it do so.

34.     Thereafter, by letter dated September 21, 2010, JHI terminated the franchise agreements.

## *COUNT 1*

## *BREACH OF CONTRACT*

35.     GALT repeats and realleges each and every allegation set forth in paragraph 1 through 34 as though fully set forth herein.

36.     As a result of JHI's failure to provide and maintain adequate tax preparation software, GALT lost customers and revuenues and has been damaged in an amount to be determined by the Court not less than $60,000.

## *COUNT 2*

## *BREACH OF CONTRACT*

37.     GALT repeats and realleges each and every allegation set forth in paragraph 1 through 36 as though fully set forth herein.

38.     JHI's failure to maintain adequate financial reporting software caused the improper interference with GALT's receipt of revenues.

39.     As a result of JHI's failure to maintain adequate financial reporting software, GALT has been damaged in an amount to be determined by the Court.

## *COUNT 3*

## *BREACH OF CONTRACT*

40.     GALT repeats and realleges each and every allegation set forth in paragraph 1 through 39 as though fully set forth herein.

41.     Pursuant to the Franchise Agreements, JHI was required to manage the advertising fund into which GALT was required to pay six percent of its revenues.

42.     GALT has contributed over $42,000 in advertising fund fees.

43.     The advertising fund was to be used to advertise and benefit the brand and was not income to JHI or to be used by JHI for general operating expenses.

44.     Upon information and belief, JHI used these funds for its operating expenses, to buy its own stock and/or to build out Jackson Hewitt kiosks in various Walmart stores.

45.     Upon information and belief, JHI failed to use the advertising fund to advertise and promote the brand.

46.     JHI use of these funds was for its own benefit rather than the brand.

47.     JHI's use of the advertising fund for its own benefit violates of its obligations to GALT and Jackson Hewitt franchisees.

48.     JHI has refused to provide an accounting of the advertising fund.

49.     As result of JHI's misuse of the advertising fund, GALT has been damaged in an amount to be determined by the Court.

## COUNT 4

## UNJUST ENRICHMENT

50.     GALT repeats and realleges each and every allegation contained in paragraph 1 through 49 as though fully set forth herein.

51.     Pursuant to the franchise agreements, JHI was required to manage the advertising fund into which GALT was required to pay six percent of its revenues.

52.     GALT has contributed over $42,000 in advertising fund fees.

53.     The advertising fund was to be used to advertise and benefit the brand and was not income to JHI or to be used by JHI for its general operating expenses.

54.     Upon information and belief, JHI used these funds for its operating expenses, to buy its own stock and/or to build out Jackson Hewitt kiosks in various Walmart stores.

55.     Upon information and belief, JHI failed to use the advertising fund to advertise and promote the brand.

56.     JHI use of these funds was for its own benefit rather than the brand.

57.     JHI's use of the advertising funds for its own benefit violates of its obligations to GALT and Jackson Hewitt franchisees.

58.     JHI has refused to provide an accounting of the advertising fund.

59.     As a result of JHI's misuse of the advertising fund, JHI has been unjustly enriched in amount to be determined at trial but not less than $42,000.

## COUNT 5

### Breach of contract - IMPROPER TERMINATION

60.     By letter dated September 21, 2010, JHI purported to terminate the Franchise Agreements because GALT purportedly owed $2,300 in royalties and other

fees; because GALT did  not finalize its GVRs and because GALT purportedly owed approximately $30,000.

61.    The claimed amount of $30,000 was is based on cross-default provisions in various agreements with JHI and does not stem from actual breaches of the franchise agreements.

62.    GALT did not owe the $2,300 in royalties and other fees for which it was terminated.

63.    GALT is excused from any obligation to finalize the GVRs as a result of the problems with JHI's GVR software.

64.    As a result, there was no basis for JHI to terminate the franchise agreements and the termination was improper.

65.    As a result of JHI's improper termination of the franchise agreements, GALT has been damaged in an amount to be determined at trial but not less than $1,500,000.

## *JURY DEMAND*

Defendants demand a trial by jury of all claims and counterclaims.

Wherefore defendants respectfully request that this Court enter judgment as follows:

a)    Dismissing the complaint in its entirety;

b)   Rescission of the Franchise Agreements and all agreements related thereto.

c)   Entering judgment against JHI on behalf of GALT on the counterclaims;

d)   Awarding GALT damages on its counterclaims;

e)   Awarding GALT costs and attorneys' fees;

f)   Granting GALT such other and further relief as this Court deems proper.

Dated: February 4, 2011

EINBINDER & DUNN, LLP
*Attorneys for Defendants G.A.L.T. Investments, LLC, Linda Schultz, George Schultz, Andrew Fournier, and Traci Elter*

By:   _____/s/ Kenneth L. Leiby, Jr._____
Kenneth L. Leiby, Jr.
Of counsel

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Upon information and belief, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 USC §1746.

Dated: February 4, 2011

/s/ Kenneth L. Leiby, Jr._____
Kenneth L. Leiby Jr., Esq.