NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACKSON HEWITT, INC. | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| BARNES ENTERPRISES, et al; | : | Consolidated Case  No. 10-cv-05108 (DMC)(JAD) |
| Defendants | : | |
| JACKSON HEWITT, INC. | : | |
| v. | : | |
| KATHRYNE L. WARD, | : | |
| Defendant | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

     This matter comes before the Court upon motion by Kathryne L. Ward ("Defendant") to dismiss the Complaint as to her in this consolidated matter pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Pursuant to Fed. R. Civ. Pro 78, no oral argument was heard. After reviewing the submissions of the parties, and based on the following, Defendant's motion is **denied.**

I.  **BACKGROUND**

Plaintiff Jackson Hewitt is a Virginia corporation with its principal place of business located in Parsippany, New Jersey. Defendant Kathryne L. Ward is a citizen of Arizona.. Defendant signed a franchise agreement as a guarantor for National Tax Network, LLC on several franchise agreements to operate Jackson Hewitt tax preparation businesses in Arizona beginning in 2004. The franchise agreements guaranteed by Defendant gave National Tax Network, LLC the right to operate tax return businesses using Plaintiff's trade names, trademarks and service marks, logos, as well as Plaintiff's proprietary business methods and software. On July 23, 2010, Jackson Hewitt terminated the franchise agreements by letter toNational Tax Network and Defendant, Ms. Ward.

II.  **LEGAL STANDARD**

A.  Choice of Law Clause

"In evaluating whether a contractual choice-of-law clause is enforceable, federal courts sitting in diversity apply the choice-of-law rules of the forum state...." *Homa v. Am. Express Co.,* 558 F.3d 225, 227 (3d Cir.2009) (citations omitted). Generally, "when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Id.* (citation, quotation marks, and emphasis omitted).

III.  **DISCUSSION**

Defendant Ward's first argument, that the language of the franchise agreement and the guaranty that she signed does not permit Plaintiff to proceed against her "for indemnification until such time as the Franchisee's liability is established and certain" (ECF Doc. 167-2,

Plaintiff's Memorandum of Law, p. 2) is unavailing, and unsupported by the language of the guaranty agreement, which states that "this guarantee is absolute, irrevocable, and continuing, and covers any and all present or future obligations." Moreover, as Plaintiff points out, the guaranty also states that "[a]ll Guarantor(s) are jointly, severally and primarily liable." There is nothing conditional whatsoever in the language that could lead the Court to conclude that Plaintiff need establish a condition precedent in order to enforce the terms of the guarantee. If the franchisee is ultimately found not to be liable, then Defendant will not be liable either, but that is a matter to be determined in one court proceeding, not in bifurcated proceedings that establish the franchiser's liability first, and then separately establish the liability of the guarantor.

     Defendant's arguments with respect to choice of law rehashes issues that are familiar, and similar to the arguments made by Defendant with respect to the validity of the forum selection clause. This argument was presented in a different guise in Defendant's previous motion to dismiss, and the Court's opinion is certainly well known to Defendant. The fact that Defendant once again decides that she can only be bound by Arizona law is tiresome. Each of the franchise agreements contained an express provision that selected the District Court of New Jersey as the forum in which disputes arising out of those agreements would be adjudicated, and selected New Jersey law as the governing authority for any cases that might arise between the parties. Section 28.1 of the Franchise agreement clearly designates "only New Jersey law." Moreover, as to Defendant's argument that because she signed the agreement in Arizona that is somehow dispositive, the governing law provision of the franchise agreement begins by establishing that "we accept this Agreement in the State of New Jersey." That is tantamount to saying that "the place of contract governs the choice of law," as Defendant points out (ECF Doc. 167-2, Plaintiff's Memorandum of Law, p.4). There is no requirement that parties to a contract need to

be physically present in the same jurisdiction when each binds him or herself to the contract, and that would clearly be impracticable. Here, where the contract specifies that its terms were accepted as if both parties were physically present in New Jersey, that serves to designate the place of contract.  Defendant is correct, citing *Grubb & Ellis Management Services, Inc.* V. 407417 B.V., LLC, 213 Ariz. 83, 86 (Ariz. App. Div. 1, 2006, that "when parties bind themselves by a lawful contract the terms of which are clear and unambiguous, a court must give effect to the contract as written." Here, the terms of the choice of law provision as written in the contract are clear and unambiguous. Moreover, as previously stated, "when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Homa v. Am. Express Co.,* 558 F.3d 225, 227 (3d Cir.2009). See also *Nuzzi v. Aupaircare, Inc.* 341 Fed.Appx. 850, 852, 2009 WL 2460778, 2 (C.A.3 (N.J. (C.A.3 (N.J.),2009). Defendant's argument that she did not sign the guaranty in New Jersey is unavailing, as well as irrelevant. Her argument that a different result might have obtained under Arizona law is illuminating, but irrelevant to a situation where the choice of governing law is contractually agreed on.

### IV.    CONCLUSION

For the reasons contained herein, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (b)(6) is **denied.** An appropriate order follows this opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:           April   15  , 2011
Original:     Clerk
cc:              All Counsel of Record
                  Hon. Joseph A. Dickson, U.S.M.J.
                  File