NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JACKSON HEWITT, INC. : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Consolidated Case No. 10-cv-05108 (DMC)(JAD) |
| BARNES ENTERPRISES, et al; | |
| Defendants | |
| JACKSON HEWITT, INC. | |
| v. | |
| RONALD N. CLARK, | |
| Defendant | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Ronald Clark ("Defendant") to dismiss the Complaint as to him in this consolidated matter, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Pursuant to Fed. R. Civ. Pro 78, no oral argument was heard. After reviewing the

submissions of the parties, and based on the following, Defendant's motion is **denied.**

I. BACKGROUND

Plaintiff Jackson Hewitt is a Virginia corporation with its principal place of business located in Parsippany, New Jersey. Defendant Ronald Clark is a citizen of Wyoming.. Defendant entered into three franchise agreements to operate Jackson Hewitt tax preparation businesses in Wyoming, and each of those agreements was personally guaranteed by Defendant. The franchise agreements entered into between Jackson Hewitt and Defendant gave Defendant the right to operate tax return businesses using Plaintiff's trade names, trademarks and service marks, logos, as well as Plaintiff's proprietary business methods and software. On February 10, 2010, Jackson Hewitt terminated the franchise agreements by letter to Mr. Clark. One year later, Plaintiff commenced the present action.

II. LEGAL STANDARD

A. Personal Jurisdiction; 12(b)(2)

Pursuant to Fed.R.Civ.P. 4(e), a district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state where the district court sits. *See* Fed.R.Civ.P. 4(e). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96 (3d Cir.2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citing N.J. Ct. R. 4:4-4(c)). Pursuant to Fed.R.Civ.P. 12(b)(2), a plaintiff must demonstrate by a preponderance of the evidence facts sufficient to support the assertion of personal jurisdiction over a defendant. *Ameripay, LLC v. Ameripay Payroll, Ltd.,* 334 F.Supp.2d 629, 632 (D.N.J.2004) (citing *Carteret Savings Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992)). "A court must accept as true the allegations in the

complaint and resolve disputed issues of fact in favor of the plaintiff[,]" for purposes of jurisdiction, plaintiff cannot rely on pleadings alone, but instead must provide actual proofs. *Id.* (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n. 9 (3d 1984)). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Id.* (citing *Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992)).

"Once challenged, a plaintiff bears the burden of establishing personal jurisdiction." *Pro Sports Inc. v. West,* 639 F.Supp.2d 475, 478 (D.N.J.2009) ( citing *General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir.2001) (finding the plaintiff must demonstrate "[a] nexus between defendant, the forum, and the litigation.")).. "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004); *See also Carteret Say. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir.1992)."If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." 4 Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1067.6 (3d ed.2002)."

  B.  <u>Forum Selection Clause</u>

In *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 1913 the Supreme Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id.* at 10, 92 S.Ct. at 1913. The Third Circuit cites *Bremen* in holding that "a forum selection

clause is 'unreasonable' where the defendant can make a 'strong showing' *id.* at 15, 92 S.Ct. at 1916, *either* that the forum thus selected is 'so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,' *id.* at 18, 92 S.Ct. at 1917, *or* that the clause was procured through 'fraud or overreaching,'" *id.* at 15, 92 S.Ct. at 1916." See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (C.A.3 (Pa.),1991)

### III.  DISCUSSION

Defendant Clark's first argument, that the amount in controversy requirement of 28 U.S.C. § 1332 has not been met is irrelevant because the Court has Federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Although the Complaint additionally avers that the jurisdictional requirements for § 1332(a) are met, that is not necessary for the Court to base its subject matter jurisdiction on those grounds.

Defendant's arguments with respect to personal jurisdiction and the validity of the forum selection clause contained in the franchise agreement have been previously decided by the Court as to other Defendants in this consolidated matter. The Court reiterates that each of the franchise agreements contained an express provision that conferred personal jurisdiction over Defendants, and selected the District Court of New Jersey as the forum in which disputes arising out of those agreements would be adjudicated, and selected New Jersey law as the governing authority for any cases that might arise between the parties. That is prima facie evidence, as required in our Circuit, that this Court has personal jurisdiction over all Defendants.[1] Defendant's argument that he has not done business in New Jersey is unavailing in light of the contractual selection of New

---

[1] Section 28.2 of the franchise agreement states "you consent to venue and personal jurisdiction in all litigation brought by us or our affiliates against you...[in] the United States District Court nearest to our principal place of business."

Jersey as the proper forum. Defendant directs the Court's attention to the New Jersey Franchise Practices Act ("NJFPA"), a statute which is inapplicable on its face to the case at bar, since it only applies to "(a) a franchise (1) the performance of which contemplates or requires the franchisee to establish or maintain a place of business within the State of New Jersey." (*See* N.J.S.A. 56:10-4). This Court had occasion to consider this matter in an analogous decision, cited by Plaintiff in their responsive brief, *Bonanno v. Quiznos Master LLC*, 2006 WL 3359673, in which the Court stated "other than stating that New Jersey has expressed concern with the protection of New Jersey franchisees through the enactment of the NJFPA, Plaintiffs have not identified any public policy rationale that sufficiently rebuts the presumption that the forum selection clause should be enforced." (*Id* at 5). This Court expressly held in *Bonanno* that the forum selection clause in a franchise agreement was not contrary to New Jersey public policy, and that the forum selection clause was neither unreasonable nor unconscionable. Here, in a case that is both factually and legally similar, the Court reaches the same conclusion. Contrary to Defendant's assertion, Plaintiff was not obligated to present a smorgasbord of potential fora from which Defendant might choose what he liked. The failure of Plaintiff to do so does not render the agreement unconscionable. It should be noted that in *Bonnano*, this Court enforced the forum selection clause to the extent that the Court rejected Plaintiff's choice of forum, and instead transferred the case to the contractually agreed upon venue, Colorado. The Court made the transfer in spite of the general presumption in favor of Plaintiff's choice of forum. Here, where Plaintiff has brought suit in New Jersey pursuant to a forum selection clause that names New Jersey, the rationale for enforcing the contract as executed by the parties is even more persuasive. Moreover, as if the statutory language were not sufficient, the forum selection clause as written prevents the application of the NJFPA, specifying that "the New Jersey Franchise Practices Act

shall not apply to any franchisee whose assigned location is outside the State of New Jersey." (ECF Doc. 41-30, page ID 1,527, Section 28.1 of JH07-07, Franchise Agreement).

The Court is not unmindful of the difficulties that having to defend in New Jersey may pose for out of state Defendants, but those difficulties are insufficient for the Court to overturn Plaintiff's decision, endorsed by Defendants in the franchise agreements, to sue in New Jersey, and to apply New Jersey law. In addition, since the named Defendants in this motion represent only one piece of a complicated puzzle involving multiple Defendants in multiple states, other concerns argue in favor of the Court's retaining jurisdiction. Rather than force Plaintiff to litigate all over the country, centralizing the cases here, as the franchise agreements anticipate, conserves judicial resources and promotes efficiency, two legitimate objectives that Courts may well consider. (*See Washington v. FedEx Ground Package System, Inc*. 995 A.2d 1271, 1279 (Pa.Super.,2010), holding that "coordination will ensure judicial efficiency as well-establishing one court to address discovery issues, motions and other pretrial decisions involving the same facts and circumstances.")

Defendant's final argument as to temporary restraints is, as Plaintiff points out, premature, since Plaintiff has not moved to enjoin Mr. Clark, and he is therefore not subject to a preliminary injunction.

## IV.    CONCLUSION

For the reasons contained herein, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **denied.** An appropriate order follows this opinion.

                                                S/ Dennis M. Cavanaugh
                                                Dennis M. Cavanaugh, U.S.D.J.

Date:        April  15 , 2011
Original:    Clerk
cc:          All Counsel of Record
             Hon. Joseph A. Dickson, U.S.M.J.
             File