**ANSA ASSUNCAO, LLP**
(A Pennsylvania Limited Liability Partnership)
Two Tower Center Boulevard, Suite 1600
East Brunswick, New Jersey 08816
Ph: (732) 993-9850
Fax: (732) 993-9851

**DLA PIPER LLP (US)**
500 8th Street, NW
Washington, DC 20004
Ph: (202) 799-4270
Fax: (202) 799-5270
*Attorneys for Plaintiff, Jackson Hewitt Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC.<br><br>    *Plaintiff,*<br><br>-v-<br><br>BARNES ENTERPRISES, et al;<br><br>    *Defendants.* | |
| JACKSON HEWITT INC.<br><br>    *Plaintiff,*<br><br>v.<br><br>US SERVICES, INC., a Wyoming Corporation; and ROGER M. YOUNG, an individual;<br>(11-340)<br><br>    *Defendants.* | Consolidated Case No.: 2:10-cv-05108 (DMC) (JAD)<br><br>[~~PROPOSED~~]<br>**DEFAULT JUDGMENT** |

  The Verified Complaint and Summonses in this action, having been duly served on Defendants US Services, Inc. and Roger M. Young on February 3, 2011, and said Defendants having failed to plead or otherwise defend in this action, and default having been duly noted, and upon the annexed declarations of Arnold Janofsky dated May 23, 2011, and John F. Dienelt dated May 23, 2011, in support of default judgment;

  NOW, on motion of the attorneys for the Plaintiffs, Jackson Hewitt Inc, it is on this ____

1

day of _Sept_, 2011:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment is hereby **GRANTED**; and it is further

**ORDERED and ADJUDGED** that Plaintiffs do recover of Defendants the sum of $115,858.07, the amount claimed including interest at the contractually agreed upon rate of 18%, with $605 in costs and disbursements, and attorneys fees in the sum of $5,595, amount in all to the sum of $122,058.07; and it is further

**ORDERED and ADJUDGED** that beyond the date of this Order, post-judgment interest with respect to the amount claimed will continue to accrue at the contractually agreed upon rate of 18% until the Judgment is paid in full; and it is further

**ORDERED and ADJUDGED** that Plaintiffs are entitled to a permanent injunction against Defendants on the following terms:

1. Defendants, their employees, agents, independent contractors, and all those who act in concert or participation with them, are permanently enjoined from marketing, promoting, or offering tax return preparation services or any other businesses using the Jackson Hewitt Marks including, without limitation, the use of any and all print or telecommunications, advertisements, drafts, labels, signs, flyers, stationary, envelopes, forms, booklets, brochures, catalogues, circulars, pamphlets, periodicals, bulletins, instructions, minutes, other communications, purchase orders, contracts, agreements, licenses, books of account, orders, accounts, working papers and plans that refer to relate in any manner to the Jackson Hewitt Marks or to names and marks confusingly similar to the Jackson Hewitt Marks.

2. Defendants shall immediately provide Jackson Hewitt with access to and turn over all originals and copies of client files and information including client names, addresses,

telephone numbers and social security numbers on their computers from the former franchise territories.

3. Defendants shall immediately turn over to Jackson Hewitt the originals and all copies of trade secret, confidential, and proprietary information as that term is defined in Section 12.3 of the franchise agreements between the parties, whether contained on paper, disk or other computer storage media for the Territories.

4. Defendants shall immediately and fully de-identify their locations within the Territories from their appearance as Jackson Hewitt Tax Service franchise locations and, specifically, requiring Defendants to discontinue the use of the Jackson Hewitt Marks, including any trade dress and signs and any other forms of advertising or indicia that any location is operated as a Jackson Hewitt Tax Service franchise location.

5. Defendants shall immediately notify the telephone company and all listing agencies and advertising directories where their telephone numbers are listed, that Defendants no longer have the right to use any telephone numbers, listing, and advertisements using the Jackson Hewitt Marks; compelling Defendants to execute appropriate documents authorizing the transfer of all such telephone numbers, listings and advertisements to Jackson Hewitt or its designee; and compelling Defendants to deliver to Jackson Hewitt a copy of such documents of transfer.

6. Defendants are enjoined from directly or indirectly preparing or electronically filing individual income tax returns, teaching tax courses, offering Financial Products or owning, engaging in, operating, managing, purchasing, investing in (except to purchase stock in a publicly traded company listed on the national stock exchange), franchising, lending money to, leasing or subleasing to, or agreeing to sell or selling all or a majority of the assets of the franchise business or Territories to any competing tax business, as defined by the Franchise

Agreements, within the Territories, and within an area ten miles outside the boundaries of the Territories, until two years from the date of this Court's Order.

7. Within ten days after entry of this Order, Defendants shall file with the Court and serve upon Plaintiffs' counsel a written report, under oath, setting forth in detail the manner in which they have complied with this Order.

_____
HON. DENNIS M. CAVANAUGH, U.S.D.J.