NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JACKSON HEWITT, INC.                       :         **Hon. Dennis M. Cavanaugh**
                                           :
                                           :         **OPINION**
            Plaintiff,                     :
                                           :         Consolidated Case No. 10-cv-05108 (DMC)
      v.                                   :         (JAD)
                                           :
BARNES ENTERPRISES, et al;                 :
                                           :
            Defendants                     :
                                           :
_____

JACKSON HEWITT, INC.                       :
                                           :
      v.                                   :
                                           :
DJSG UTAH TAX SERVICE, LLC,                :
DONALD GODBEHERE, and SHEILA               :
GODBEHERE;                                 :
                                           :
            Defendant                      :
_____:

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon the Motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") for Sanctions and Entry of Default Judgment, pursuant to FED. R. CIV. P. 37, against Defendants Donald Godbehere and Sheila Godbehere (collectively, "Defendants"). (ECF No. 233). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Plaintiff's Motion is **granted**.

I.  INTRODUCTION

Plaintiff is a Virginia corporation with its principal place of business located in Parsippany, New Jersey. Defendant DJSG Utah Tax Service is a limited liability corporation with its principal place of business in Utah. Defendants Sheila and Donald Godbehere were co-guarantors of the franchise agreement between Jackson Hewitt and DJSG Utah Tax Service. The franchise agreements entered into between Jackson Hewitt and Defendants gave Defendants the right to operate 37 tax return businesses in Utah and Arizona using Plaintiff's trade names, trademarks, service marks, and logos. Defendants also received the right to use Plaintiff's proprietary business methods and software.

During an August 30, 2011 status conference, the Hon. Joseph A. Dickson, U.S.M.J. ordered Defendants to serve initial disclosures on Plaintiff on or before September 22, 2011, and to respond to Plaintiff's interrogatories and requests for production on or before September 22, 2011. (ECF No. 221). On September 6, 2011, Judge Dickson entered a written Order confirming this schedule (the "September 6 Order"). (ECF No.221). The September 6 Order included a warning that failure to follow this schedule would result in sanctions pursuant to FED. R. CIV. P. 16(f) and 37.

Defendants answered the Complaint on September 16, but they have not complied with the remainder of the September 6 Order. On September 23, Plaintiff moved for Sanctions and an Entry of Default against Defendants, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Rule 37"). The Motion is unopposed.

II.  STANDARD OF REVIEW

Rule 37 governs sanctions against litigants who fail to make or cooperate in discovery. See

Ins. Corp. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 707 (1982); Societe Internationale Pour Participations Industriales et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958); Sieger v. Twp. of Tinicum, No. 81-6161, 1992 U.S. Dist. LEXIS 17458, 1992 WL 345096, at *1 (E.D. Pa. Nov. 12, 1992) (HJH).  Rule 37(b)(2) provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to failure as are just, and among others the following:
> (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

FED. R. CIV. P. 37(b)(2)(c).

Dismissal of an action for failure to comply with a discovery order is a severe sanction.  NHL v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam) reh'g denied sub nom., 429 U.S. 874 (1976); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988), cert. denied, 488 U.S. 1005 (1989). Dismissal should only be ordered as a last resort.  Hicks, 850 F.2d at 156.  Dismissal as a sanction serves two purposes: it punishes abusive behavior by a litigant, and it deters others from similar abusive conduct.  NHL, 427 U.S. at 643; Hicks, 850 F.2d at 156.

The Third Circuit has identified six factors that should be considered in determining whether dismissal is an appropriate sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990); C.T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co., 843

F.2d 683, 691 (3d Cir. 1988). Significantly, "not all of these factors need be met for a district court to find dismissal is warranted." Hicks, 850 F.2d at 156; see Coca-Cola Bottling Co. v. Coca-Cola Co., 110 F.R.D. 363, 368 n.9 (D. Del. 1986).

When a litigant fails to comply in a timely fashion with a pretrial order, dismissal may be an appropriate sanction. NHL, 427 U.S. at 642. For example, failure to comply justifies dismissal when noncompliance is the result of "willful disobedience, gross indifference to the rights of the adverse party, deliberate callousness, gross negligence, or some fault of the noncomplying party." Grant v. Clairol, Inc., 113 F.R.D. 574, 577 (E.D. Pa. 1986); see Poulis, 747 F.2d at 865, 868 (holding that one failure to answer interrogatories and a failure to file a pre-trial statement sufficed to support a dismissal).

III. DISCUSSION

The first Poulis factor, the extent of the parties' personal responsibility, weighs in favor of Plaintiff. This factor refers to the extent to which knowing misconduct is attributable to a party rather than to counsel. See, e.g., Hicks, 850 F.2d at 156; C.T. Bedwell, 843 F.2d at 692. A party's consistent refusal to fulfill his responsibilities justifies dismissal. Poulis, 747 F.2d at 868; Padro v. Heffelfinger, 110 F.R.D. 333, 336 (E.D. Pa. 1986). Counsel for Defendants has already prepared a number of motions and arguments in this action. Defendants have not, however, responded to the September 6 Order in any way. Nor have Defendants provided any reasonable explanation or excuse for their failure to respond, or argued that the failure was caused by their counsel's dilatory conduct. Even if Defendants had shown that their failure to respond was caused by their counsel's conduct, however, that would not be dispositive, as "a client cannot always avoid the consequences of the acts

or omissions of its counsel." Poulis, 747 F.2d at 865.  With no explanation for this failure, the Court finds that the personal responsibility factor weighs in Plaintiff's favor.

Defendants' actions have also satisfied the prejudice factor of the Poulis analysis.  "[W]hile 'prejudice' . . . does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); see also C.T. Bedwell, 843 F.2d at 693-94 (rejecting standard of irremediable harm).  Defendants' failure to respond to the September 6 Order has brought Plaintiff's considerable efforts to pursue its claims to a halt.  Without the discovery sought, Plaintiff is unable to effectively prepare a full and complete trial strategy.  Defendants' inaction has thus prejudiced Plaintiff, and this factor also weighs in Plaintiff's favor.

The history of dilatoriness factor is neutral.  Plaintiff points to the fact that Defendants requested, and were granted, two extensions of time to answer or otherwise respond, filed a motion to dismiss in lieu of an answer, and appealed the denial of that motion to the Third Circuit.  (Pl.'s Br. 4; ECF No. 233-1).  These actions were merely common and accepted trial strategies and do not, by themselves, suggest a history of dilatoriness.  Defendants' lengthy delay in responding to Plaintiff's interrogatories and requests for production, however, indicates a certain degree of dilatoriness on their part.  The Court therefore finds that this factor is neutral.

The willfulness factor favors Plaintiff.  Willfulness "involves intentional or self-serving behavior."  Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).  Mere "tardiness not excused for inability," however, "is not necessarily willful."  Id. Nothing in the record suggests any form of excusable neglect on Defendants' part.  While any bad faith on Defendants' part is not immediately clear, their failure to respond to Court orders and

Plaintiff's requests for discovery indicates willful noncompliance.  See, e.g., Gilligan v. Cape May County Corr., No. 05-1177, 2006 WL 3454864 at *2 (D.N.J. Nov. 28, 2006) (RMB) ("While it is not clear from the record that Plaintiff has acted in bad faith, his repeated failure to respond to [defendants'] requests or the Orders of the Court despite more than ample time to do so indicates that his non-compliance is willful.")  This factor therefore weighs in Plaintiff's favor.

The alternative sanctions factor favors Plaintiff as well.  The September 6 Order explicitly warned that failure to follow the prescribed schedule would result in sanctions pursuant to FED. R. CIV. P. 16(f) and 37.  Despite this warning, Defendants failed to comply with the September 6 Order.  Defendants' willingness to defy Court orders despite the certainty of sanctions clearly indicates to this Court that no sanction, short of an entry of default judgment, would spur Defendants into action.  This factor therefore weighs in Plaintiff's favor.

Finally, the Court turns to a consideration of the merits of the parties' claims or defenses.  Plaintiff has presented valid and straightforward claims for trademark infringement and breach of contract.  Defendants have answered the Complaint, asserting a number of facially meritorious affirmative defenses and counterclaims.  Based on the pleadings and arguments presented, the Court is not persuaded that this factor is any more or less than neutral, and thus weighs in neither party's favor.

The balance of the Poulis factors reveals that Defendants' failure to comply with the September 6 Order warrants an entry of default.  Plaintiff's Motion for Sanctions and Entry of Default Judgment is therefore granted.

IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions and Entry of Default Judgment is **granted**. An appropriate Order accompanies this Opinion.

          S/ Dennis M. Cavanaugh
          Dennis M. Cavanaugh, U.S.D.J.

Date:      November 28, 2011
Orig.:      Clerk
cc:        All Counsel of Record
           Hon. Joseph A. Dickson, U.S.M.J.
           File