NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACKSON HEWITT, INC. | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| BARNES ENTERPRISES, et al; | : | Consolidated Case No. 10-cv-05108 (DMC) (JAD) |
| Defendants | : | |
| JACKSON HEWITT, INC. | : | |
| v. | : | |
| KATHRYNE L. WARD, | : | |
| Defendant | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") for Sanctions and Entry of Default Judgment, pursuant to FED. R. CIV. P. 37, against Defendants National Tax Network, LLC ("National Tax") and Kathryne L. Ward ("Ward") (collectively, "Defendants"). (ECF No. 230). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Plaintiff's Motion is **granted**.

I.      BACKGROUND

Plaintiff is a Virginia corporation with its principal place of business located in Parsippany, New Jersey. Ward is a citizen of Arizona. Ward signed as a guarantor for National Tax on several franchise agreements to operate Jackson Hewitt tax preparation businesses in Arizona beginning in 2004. The franchise agreements gave National Tax the right to operate tax return businesses using Plaintiff's trade names, trademarks, service marks and logos. National Tax also received the right to use Plaintiff's proprietary business methods and software. On July 23, 2010, Plaintiff terminated the franchise agreements by letter to National Tax and Ward.

During an August 30, 2011 status conference, the Hon. Joseph A. Dickson, U.S.M.J. ordered Defendants to answer the Complaint on or before September 8, 2011, to serve initial disclosures on Plaintiff on or before September 15, 2011, and to respond to Plaintiff's interrogatories and requests for production on or before September 15, 2011. (ECF No. 222, 223). On September 6, 2011, Judge Dickson entered a written Order confirming this schedule (the "September 6 Order"). (ECF No. 222, 223). The September 6 Order included a warning that failure to follow this schedule would result in sanctions pursuant to FED. R. CIV. P. 16(f) and 37.

National Tax answered the Complaint on September 8, 2011. (ECF No. 227). However, Ward failed to answer the Complaint, and both Ward and National Tax have failed to comply with the remainder of the September 6 Order. On September 20, 2011, Plaintiff moved for Sanctions and an Entry of Default against National Tax and Ward, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Rule 37"). The Motion is unopposed.

II.     STANDARD OF REVIEW

Rule 37 governs sanctions against litigants who fail to make or cooperate in discovery. See Ins. Corp. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 707 (1982); Societe Internationale Pour Participations Industriales et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958); Sieger v. Twp. of Tinicum, No. 81-6161, 1992 U.S. Dist. LEXIS 17458, 1992 WL 345096, at *1 (E.D. Pa. Nov. 12, 1992) (HJH). Rule 37(b)(2) provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to failure as are just, and among others the following:
> (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

FED. R. CIV. P. 37(b)(2)(c).

Dismissal of an action for failure to comply with a discovery order is a severe sanction. NHL v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam) reh'g denied sub nom., 429 U.S. 874 (1976); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988), cert. denied, 488 U.S. 1005 (1989). Dismissal should only be ordered as a last resort. Hicks, 850 F.2d at 156. Dismissal as a sanction serves two purposes: it punishes abusive behavior by a litigant, and it deters others from similar abusive conduct. NHL, 427 U.S. at 643; Hicks, 850 F.2d at 156.

The Third Circuit has identified six factors that should be considered in determining whether dismissal is an appropriate sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990); C.T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988). Significantly, "not all of these factors need be met for a district court to find dismissal is warranted." Hicks, 850 F.2d at 156; see Coca-Cola Bottling Co. v. Coca-Cola Co., 110 F.R.D. 363, 368 n.9 (D. Del. 1986).

When a litigant fails to comply in a timely fashion with a pretrial order, dismissal may be an appropriate sanction. NHL, 427 U.S. at 642. For example, failure to comply justifies dismissal when noncompliance is the result of "willful disobedience, gross indifference to the rights of the adverse party, deliberate callousness, gross negligence, or some fault of the noncomplying party." Grant v. Clairol, Inc., 113 F.R.D. 574, 577 (E.D. Pa. 1986); see Poulis, 747 F.2d at 865, 868 (holding that one failure to answer interrogatories and a failure to file a pre-trial statement sufficed to support a dismissal).

III.     DISCUSSION

A. Defendant Kathryne L. Ward

Ward's conduct throughout this litigation leaves the Court with no doubt that an entry of default is warranted. While, understandably, no party welcomes the process of defending a litigation, our system requires a certain level of respect for, and compliance with, the litigation process. Ward's contumacious tactics and pattern of avoidance of responsibility cannot be tolerated under any circumstances. A brief review of the record clearly demonstrates that all six Poulis factors have been met.

Personal responsibility, the first Poulis factor, refers to the extent to which knowing

misconduct is attributable to a party rather than to counsel. See, e.g., Hicks, 850 F.2d at 156; C.T. Bedwell, 843 F.2d at 692. A party's consistent refusal to fulfill his responsibilities justifies dismissal. Poulis, 747 F.2d at 868; Padro v. Heffelfinger, 110 F.R.D. 333, 336 (E.D. Pa. 1986). As a pro se litigant, Ward is personally responsible for her own actions and inactions in this matter. See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . .") Ward has demonstrated her capacity to vigorously litigate a number of issues throughout this lawsuit, and has filed a number of motions and pleadings throughout the action. She has not, however, responded to the September 6 Order in any way. Nor has she provided any explanation for her failure to respond. Ward is directly responsible for her own actions, and this factor weighs in Plaintiff's favor.

Ward's actions have also satisfied the prejudice factor of the Poulis analysis. "[W]hile 'prejudice' . . . does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); see also C.T. Bedwell, 843 F.2d at 693-94 (rejecting standard of irremediable harm). Ward's failure to respond to the September 6 Order has brought Plaintiff's considerable efforts to pursue its claims to a halt. Without the discovery sought, and without an answer to the Complaint, Plaintiff is unable to effectively prepare a full and complete trial strategy. Ward's inaction has thus prejudiced Plaintiff.

With respect to the history of dilatoriness factor, Ward has gone beyond simply failing to respond to motions. Rather, Ward has actively sought to avoid any responsibility in this action. Judge Dickson has repeatedly admonished Ward for her failure to fully comply with this litigation.

This Court has also taken note of Ward's strategy of delay.  For example, in an Opinion dated April 15, 2011, this Court stated that Ward continued to rehash arguments that had already been raised in a different guise in a previous motion, and that these arguments were growing tiresome.  (ECF No. 171).  Further, Ward continues to assert, for purposes of this litigation, that she was only a "guarantor" of National Tax and thus not liable for its actions.  This assertion is contradicted by a complaint Ward filed in Arizona against Jackson Hewitt, in which she claims to have created National Tax and invested heavily in its franchise operations.  (Attach. to John F. Dienelt Letter ¶¶ 24, 30; ECF No. 218-1).  Ward's actions demonstrate her consistent efforts to avoid responsibility in this action.  The history of dilatoriness factor thus also weighs in Plaintiff's favor.

Ward's actions have also satisfied the willfulness factor.  For the purposes of the Poulis analysis, willfulness "involves intentional or self-serving behavior."  Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).  Mere "tardiness not excused for inability," however, "is not necessarily willful."  Id.  Nothing in the record suggests any form of excusable neglect on Ward's part.  Nor has Ward attempted to argue that her dilatoriness throughout this action is in anyway explainable or excusable.  Rather, her pattern of avoidance, ignoring court orders, and filing of repetitive and dilatory motions leaves this Court with the firm impression that Ward's actions are strategic attempts to delay this litigation.  This factor, therefore, weighs in Plaintiff's favor.

While "district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits," this Court is convinced that no other alternative sanctions would be effective.  Id. at 876 (citing Titus v. Mercedes Benz, 695 F.2d 746, 748-49 (3d Cir. 1982)).  Ward has repeatedly ignored, or sought to evade, the orders of both Judge Dickson and this Court.  Ward's

actions, as well as her inactions, demonstrate an intention to consistently delay the proper litigation of this case. Further, the September 6 Order explicitly warned that failure to follow the prescribed schedule would result in sanctions pursuant to FED. R. CIV. P. 16(f) and 37. Despite this warning, Ward failed to comply with the September 6 Order. Ward's willingness to defy Court orders despite the certainty of sanctions clearly indicates to this Court that no sanction, short of an entry of default judgment, would spur her into action. Given Ward's willful noncompliance, there is no reason to believe a lesser sanction, such as an award of attorney's fees, would suddenly prompt Ward's compliance with court orders. For this reason, the alternative sanctions factor also weighs in Plaintiff's favor.

The final Poulis factor for consideration is the merits of the parties' claims or defenses. For this consideration, a summary judgment standard is not used; rather, the consideration is whether "the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869–70. Plaintiff has presented a valid cause of action for trademark infringement and breach of contract. Ward has not answered the Complaint, and the Court will not engage in guesswork as to what defenses she would assert trial. Therefore, this factor also weighs in Plaintiff's favor.

As the Court finds that each Poulis factor favors Plaintiff, Plaintiff's Motion for Sanctions and Entry of Default Judgment against Ward is granted.

B. Defendant National Tax Network, LLC

National Tax's actions also warrant an entry of default judgment. While National Tax did file an answer to the Complaint, National Tax has not complied with the remainder of the September

6 Order. With respect to the first Poulis factor, the record indicates that National Tax has not responded to its counsel's requests regarding the information needed to appropriately respond to the requests of the September 6 Order. (E-mail from Robert Lorenc, Counsel for National Tax (Sept. 19, 2011); ECF No. 230-7). National Tax effectively prevented its own counsel from complying with the September 6 Order, and is thus personally responsible for its deficient response.

The prejudice factor also weighs in Plaintiff's favor, for much the same reason as it did against Ward. While National Tax has provided an answer to the Complaint, it has failed to provide the discovery required by the September 6 Order. This failure inhibits Plaintiff's ability to effectively prepare a full and complete trial strategy. National Tax's failure to respond has therefore prejudiced Plaintiff.

The history of dilatoriness factor is neutral. National Tax has not engaged in the same tactics of active avoidance that Ward used, and National Tax has partially complied with the September 6 Order. However, the parties were to exchange disclosures and discovery on or before June 7, 2011. (ECF No. 205). National Tax has still not responded to Plaintiff's requests for this material. National Tax has thus been more responsive throughout this action than Ward, but not enough for a finding that this factor weighs in its favor. The Court therefore finds this factor to be neutral.

With respect to the willfulness factor, the Court has little trouble determining that National Tax's failure to respond to the September 6 Order was intentional. National Tax's counsel has indicated his efforts to secure the necessary material from his clients, to no avail. National Tax has not provided this Court with any possible excuse for its failure to respond. While any bad faith on National Tax's part is not immediately clear, its failure to respond to Court orders and Plaintiff's requests for discovery indicates willful noncompliance. See, e.g., Gilligan v. Cape May County

Corr., No. 05-1177, 2006 WL 3454864 at *2 (D.N.J. Nov. 28, 2006) (RMB) ("While it is not clear from the record that Plaintiff has acted in bad faith, his repeated failure to respond to [defendants'] requests or the Orders of the Court despite more than ample time to do so indicates that his non-compliance is willful.")  This factor therefore weighs in Plaintiff's favor.

The alternative sanctions factor weighs in Plaintiff's favor as well, for the same reasons as it did against Ward.  National Tax has repeatedly ignored the orders of Judge Dickson and this Court.  Further, as was the case with Ward, National Tax ignored a court order despite the certainty of sanctions.  National Tax's willful non-compliance leaves this Court with the firm impression that a lesser sanction would have no effect in this matter.

Finally, the Court turns to a consideration of the merits of the parties' claims or defenses.  Again, Plaintiff has presented valid and straightforward claims for trademark infringement and breach of contract.  Unlike Ward, however, National Tax has answered the Complaint, asserting a number of facially meritorious affirmative defenses and counterclaims.  Based on the pleadings and arguments presented, the Court is not persuaded that this factor is any more or less than neutral, and thus weighs in neither party's favor.

The balance of the Poulis factors reveals that National Tax's failure to comply with the September 6 Order warrants an entry of default.  Plaintiff's Motion for Sanctions and Entry of Default Judgment against National Tax is therefore granted.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions and Entry of Default Judgment is **granted**.  An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:    November  28  , 2011
Orig.:    Clerk
cc:    All Counsel of Record
    Hon. Joseph A. Dickson, U.S.M.J.
    File