NOT FOR PUBLICATION

| | |
|---|---|
| JACKSON HEWITT INC. | UNITED STATES DISTRICT COURT |
| Plaintiff, | DISTRICT OF NEW JERSEY |
| v. | |
| H.E.A.T. ENTERPRISES, LLC, et al. | Consolidated Case No. 10-cv-5108 (DMC) |
| Defendants. | |
| | REPORT AND RECOMMENDATION |

JOSEPH A. DICKSON, U.S.M.J.:

This matter is before this Court for a Report and Recommendation on the motion of Jackson Hewitt, Inc. ("Jackson Hewitt" or "Plaintiff") for an order to show cause as to why Traci Elter ("Elter") and Andrew Fournier ("Fournier") should not be forced to comply with the injunction issued against H.E.A.T. Enterprises, LLC (H.E.A.T.) and Arakel Hagopian ("Hagopian") (collectively, "H.E.A.T. Defendants"). Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, and for good cause, the recommendation of this Court is set forth for the reasons herein expressed separately below.

## I. Background

The underlying factual histories of the cases in this consolidated matter have been addressed in various opinions issued by this Court, and will only be recited below to the extent necessary to address the instant motion for relief.

On January 5, 2011, Judge Dennis Cavanaugh entered an injunction against the H.E.A.T. Defendants (the "Injunction") prohibiting them from engaging in tax preparation services within the former H.E.A.T. franchise territory, and requiring them to comply with the franchise agreement's post-termination requirements. Plaintiff subsequently brought the instant motion for

an order to show cause why Elter and Fournier should not be bound by the Injunction.[1] Plaintiff alleges that Elter and Fournier, directly or indirectly through companies under their control, owned and operated the H.E.A.T. franchises prior to, and at the time of, termination, and currently own and operate competing tax preparation businesses at those same franchise locations in violation of the Injunction.

## II. Rule 65

Injunctions are governed by Federal Rule of Civil Procedure 65. Under Rule 65, an injunction binds "(A) the parties; (B) the parties' officers, agents, servants, employees and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)" provided such individuals "receive actual notice of it by personal service or otherwise." FED. R. CIV. P. 65(d)(2).

## III. Discussion

Plaintiff seeks an order enjoining Elter and Fournier from engaging in tax preparation services in the former H.E.A.T. territory. Plaintiff argues Elter and Fournier are required to comply with the injunction entered by Judge Dennis Cavanaugh on December 30, 2011 against the H.E.A.T. Defendants on the grounds that (1) Elter is the owner of H.E.A.T. and (2) Elter and Fournier have been active in H.E.A.T.'s operations.

First, Elter argues that this Court lacks personal jurisdiction over her since she is not a signatory to the H.E.A.T. franchise agreement, and therefore not subject to the forum selection clause, and Plaintiff has not established Elter has minimum contacts with New Jersey so as to justify jurisdiction. This argument fails. "Courts in this district have consistently held that non-signatory third-parties who are 'closely related to [a] contractual relationship' are bound by

---

[1] Although the moving papers are captioned as though the motion only pertains to Traci Elter, based on the substance of the papers (particularly the Reply) and the conferences held before this Court, it is clear that Plaintiff is aiming to make the existing preliminary injunction applicable to both Elter and Fournier.

forum selection clauses contained in the contracts underlying the relevant contractual relationships." Four River Exploration, LLC v. Bird Res., Inc., No. 09-3158, 2010 WL 216369, at *3 (D.N.J. Jan. 15, 2010); see also Sahara Sam's Oasis, LLC v. Adams Companies, Inc., 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010) (finding forum selection clause applicable to non-signatory employee of company that entered the contract). The forum selection clause in the H.E.A.T. franchise agreement has already been found to be valid and binding. Therefore, so long as Elter has sufficient contacts with H.E.A.T. to bring her within the ambit of the forum selection clause at issue, this Court has jurisdiction over her. This Court so finds.

Additionally, Elter argues that neither she nor Fournier is the owner or operator of H.E.A.T., and that neither has ever held him/herself out as such, and therefore cannot be bound by any injunction issued against H.E.A.T. Alternatively, Elter argues that even if she is H.E.A.T's owner, she cannot be bound by the Injunction or held to the non-compete provision in the franchise agreement because she is not a signatory to the franchise agreement. Once again, these arguments fail.

As to whether Elter, if found to be the owner of H.E.A.T., could be bound by the Injunction, this Court finds the answer is a resounding "yes." "Successors in interest to the original defendant may be bound by an injunction because an injunction may be enforced against those to whom the business may have been transferred, whether as a means of evading the judgment or for other reasons." NovaSeptum AB v. Amesil, Inc., No. 05-5175, 2010 WL 5620906, at *3 (D.N.J. Dec. 29, 2010) (internal citations omitted). "Successorship liability turns on whether there is 'substantial continuity of identity' between the two organizations and the 'substantial continuity of identity' test has been adopted as a general expression of the degree of closeness that Rule 65(d) requires for a non-party successor to be subject to the injunction." Id.

(internal citations omitted). There is ample evidence for this Court to find that if Elter is the owner of H.E.A.T., then she is the successor in interest to Hagopian, and therefore bound by the Injunction.[2]

However, this Court need not reach the issue of ownership in order to find that Elter is bound by the Injunction issued against the H.E.A.T. defendants. Based on the evidence presented, this Court finds that Elter and Fournier were active in the operation of H.E.A.T., and therefore are bound by the Injunction because they were in active concert or participation with the H.E.A.T. Defendants.[3] In fact, the affidavit submitted in support of Defendants' sur-reply (the "Elter Affidavit"),[4] ECF No. 193-1, demonstrates, at the very least, the vast connections between Elter and Fournier, on one hand, and the operation of H.E.A.T., on the other. Based on the Elter Affidavit, Elter and Fournier were the ones who contacted Jackson Hewitt for any issues regarding customer service, and other matters relating to the ongoing business, of H.E.A.T.; spent money on advertising and marketing for H.E.A.T., although apparently not since the last advertisement was distributed; and, at least Fournier, has an email address ending in

---

[2] Plaintiff submitted as evidence an agreement showing that ownership of H.E.A.T. transferred from Hagopian to Elter. Hagopian, through Plaintiff, has alleged that Elter, upon receiving the agreement, fraudulently took over ownership of H.E.A.T., changed the locks, and effectively kicked Hagopian out of H.E.A.T.. Elter counters that the agreement was only to take effect if Hagopian went to prison, which never happened, and therefore the transfer of ownership never took effect. Elter also points to Hagopian's claim that he is the owner of H.E.A.T. to support her argument that she is *not* the owner. In reality, it appears Hagopian is arguing that he is the *rightful* owner of H.E.A.T. while Elter is acting as the *de facto* owner. Regardless, this Court need not determine ownership for the purposes of the instant motion.

[3] As will be explained further below, it makes no difference that the active participation began before the franchise was terminated and Injunction was issued since it is clear that Elter and Fournier have continued their tax preparation business in the H.E.A.T. locations.

[4] The Court notes that Elter also submitted a Certification in support of the Opposition papers. See ECF No. 134-1. The Court is aware that in that certification, Elter asserts "I have not, nor have I ever been, an owner of HEAT. I have never been its officer, director, member, agent, servant, employee, or attorney. I have never participated in the operation of HEAT's Jackson Hewitt franchises. I am not, and was not, involved with the HEAT Defendants' Jackson Hewitt businesses." Id. at ¶ 6. However, these assertions are *completely contradictory* to the Elter Declaration, which belies any argument that Elter has never been H.E.A.T.'s "officer, director, member, agent, servant, [or] employee." Given the representations made to this Court and those included in the Elter Declaration, this Court finds Elter was in fact involved in the operations of the H.E.A.T. franchises and cannot credit her assertions to the contrary.

"heatenterprises.net," which is still active although apparently now automatically forwards any emails received to a new address. Plaintiff has also provided evidence showing that deposits from one of H.E.A.T.'s processing centers were deposited into a bank account for TKE Ventures LLC d/b/a Jackson Hewitt Tax Service, a company owned by Elter, and that Fournier, as general manager of H.E.A.T., directed deposits from H.E.A.T.'s other processing center to an account in the name of G.A.L.T. Investments, LLC, a company owned by both Elter and Fournier. By contrast, Elter and Fournier have not provided any credible evidence suggesting that they were not in fact active in the operation of H.E.A.T.

In evaluating the arguments regarding whether Elter and Fournier could be bound by the injunction, the Court also finds the legal principles underlying who can be held in contempt for violating a preliminary injunction instructive here. "[T]he extent to which a federal injunction applies to non-parties is governed by Federal Rule of Civil Procedure 65(d)." NovaSeptum AB, 2010 WL 5620906, at *3 (citing Additive Controls & Measurement Sys. v. Flowdata, Inc., 154 F.3d 1345, 1355 (Fed.Cir.1998)). Rule 65(d) "is derived from the common law doctrine that a decree of injunction not only binds the parties [ ] but also those identified with them in interest, in 'privity' with them, represented by them, or subject to their control." Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 14 (1945); see also Marshak v. Treadwell, 595 F.3d 478, 486 (3d Cir. 2009). "If non-parties either abet the defendant, or are legally identified with him they may be held in contempt." NovaSeptum AB, 2010 WL 5620906 at *3 (internal citations omitted); see also Marshak, 595 F.3d at 478; Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 674 (3d Cir. 1999) ("One with knowledge of a court order who abets another in violating the order is surely in contempt."). "Without such an exception, defendants might 'nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties

to the original proceeding.'" Marshak, 595 F.3d at 486-87 (citing Regal Knitwear, 324 U.S. at 14). "The effect of an injunction on non-parties depends on an appraisal of their relations and behavior with the enjoined party and not upon mere construction of terms of the order." NovaSeptum AB, 2010 WL 5620906 at *3 (internal citations omitted).

Given the foregoing, it is clear that if Elter and Fournier conduct tax preparation services within the H.E.A.T. territory they could be held in contempt for violating the Injunction either as a successor-in-interest (in the case of Elter) or as one aiding and abetting, or in active concert and participation, with the enjoined parties (in the case of Elter and/or Fournier).

Finally, Elter also argues that Plaintiff has not shown it will suffer an irreparable injury absent an injunction. This argument misses the point – an injunction has already been entered against the H.E.A.T. Defendants precisely because Plaintiff demonstrated irreparable injury; whether H.E.A.T. is helmed by Hagopian, or Elter or Fournier or some combination thereof, the irreparable harm to Plaintiff remains. Therefore, the issue is not whether there is an irreparable injury, but rather whether Elter and Fournier are bound by the Injunction that was already issued, and thereby precluded from offering tax preparation services within the H.E.A.T. territory. As already noted, this Court has found that Elter and Fournier are so bound. Furthermore, this Court finds that Plaintiff has sufficiently alleged that Elter and Fournier are currently engaging in prohibited activities, and/or that there is a real and immediate threat of violating the injunction in the future.

Based on the evidence presented, this Court finds that Elter and Fournier are evading the injunction imposed on them in the G.A.L.T. territory by jumping from one locale (i.e. the G.A.L.T. territory) to an adjacent locale (i.e. the H.E.A.T. territory) *even though* the tax preparation services are prohibited in both locations, and Elter and Fournier were fully aware of

the prohibition before undertaking activities within the H.E.A.T. territory. In fact, there can be no serious dispute that Elter and Fournier had knowledge both of the non-compete clause within the franchise agreements, and of the Injunction entered against the H.E.A.T. Defendants by Judge Cavanaugh.

Therefore, the question for this Court is whether Elter and Fournier should be permitted to engage in tax preparation activities in H.E.A.T.'s former franchise territory, with full awareness that the H.E.A.T. Defendants are enjoined from such activities, and while Elter and Fournier are likewise prohibited from engaging in these activities in their own, contiguous, former franchise territory. Based on principles of equity and fairness, this Court must find that the answer is no. The *only* available distinction to which Elter and Fournier can avail themselves is that *they* do not call their tax preparation business "H.E.A.T.," but rather use a different business name. This is a distinction without a difference, and while they may have abandoned the "H.E.A.T." name, they have not abandoned the business. Elter and Fournier would not have been allowed to buy H.E.A.T., change its name and continue tax preparation service. Therefore, they will not be allowed to "squat," as it were, and accomplish the same goal. To allow Elter and Fournier to operate in violation of *two* contiguous injunctions flies in the face of equity and common sense.

Accordingly, this Court finds that the Injunction issued against the H.E.A.T. Defendants is binding on Elter and Fournier to the extent they seek to engage in tax preparation services in the former H.E.A.T. territory.

## IV. Conclusion

Based on the foregoing, this Court respectfully recommends that the District Court grant Plaintiff's motion and find that Elter and Fournier are bound by the Injunction issued against the H.E.A.T. Defendants.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Dennis M. Cavanaugh, U.S.D.J.