NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACKSON HEWITT, INC. | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Consolidated Case No. 10-cv-05108 (DMC) (JAD) |
| | : | |
| BARNES ENTERPRISES, et al; | : | |
| | : | |
| Defendants | : | |
| | : | |
| JACKSON HEWITT, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| DJSG UTAH TAX SERVICE, LLC, DONALD GODBEHERE, and SHEILA GODBEHERE; | : | |
| | : | |
| Defendant | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") for an Order extending the Court's Preliminary Injunction, dated January 10, 2011 (ECF No. 68), and the Court's Permanent Injunction, dated November 29, 2011 (ECF No. 245), enjoining Defendants Donald and Sheila Godbehere (collectively, the "Godbehere Defendants"), against Stephanie Marshall ("Marshall"), Tax Savers Accounting, LLC ("Tax Savers"), Frontier Accounting

Service, LLC ("Frontier") (collectively, "Defendants"), and all others in active concert or participation with the Godbehere Defendants. After reviewing the submissions of the parties, and based upon the following, Plaintiff's Motion is **granted**.

I.      **INTRODUCTION**

On January 10, 2011 and November 29, 2011, this Court entered Preliminary and Permanent Injunctions enjoining the Godbehere Defendants and those in active concert or participation with them from, among other things, operating a competing tax preparation business in the Godbehere Defendants' former Jackson Hewitt franchise locations, in violation of their post-termination obligations. Plaintiff states that Defendants are currently operating tax preparation businesses in the following former Jackson Hewitt locations: 4326 West Bell Road, Suite #2, Glendale, Arizona 85308 ("Glendale"); 10659 Grand Avenue, Suite A-12, Sun City, Arizona 85351 ("Sun City"); 14545 West Grand Avenue, Suite 107, Surprise, Arizona 85374 ("Surprise"); 13954 West Waddell Road, Surprise, Arizona 85379 ("Waddell Road"); and 125 East Apache, Wickenburg, Arizona 85390 ("Apache"); 887 East 100 North, Suite 1-B, Payson, Utah ("Payson") and 218 North State Street, Orem, Utah 84057 ("Orem"). Pl.'s Br. 4. Plaintiff states that visits to these locations, on December 6, 2011 and December 13, 2011, revealed that Frontier currently operates a tax preparation business in the Apache location, and Tax Savers operates businesses in the other locations. Pl.'s Br. 4-7. The Glendale and Surprise locations have signs out front indicating that they are closed, but also have signs encouraging customers to contact the Sun City location. Pl.'s Br. 5. The remaining locations appear to be open for business. Pl.'s Br. 5-7. Additionally, telephone calls placed by Brandon Chanley ("Chanley") to several phone numbers associated with

the former Arizona locations resulted in conversations in which a woman named Jessica, from the Sun City location, informed Chanley that "We are no longer affiliated with Jackson Hewitt . . . ," and in some instances, that the location called was still open for business.[1] Pl.'s Br. 6-7.

Marshall was the General Manager of Defendants' former Jackson Hewitt franchise businesses, as confirmed by a search of Jackson Hewitt's internal records system performed by Chanley. Chanley Dec. ¶ 5, Feb. 18, 2011, ECF No. 153-2. As of the visits made to the six locations on December 6 and 11, 2011, Marshall is currently listed as the "Enrolled Agent" at the Glendale, Sun City, Surprise, and Waddell Road locations. Additionally, Marshall is listed in Tax Savers' Articles of Organization as the company's statutory agent, and is listed in Frontier's Articles of Organization as the company's manager. Donald Godbehere, previously enjoined by this Court, is currently listed on the front door of a Frontier office as a Certified Public Accountant.

Donald Godbehere informed Tax Savers of the injunction on or before February 8, 2011. (Godbehere Aff. p. 3 ¶4e, Feb. 8, 2011, ECF No. 105-2). Further, Marshall was personally served with a copy of the injunction on December 9, 2011 (Meyer Aff., ECF No. 251-15).

No opposition has been filed on the Court's docket to Plaintiff's Motion. On January 3, 2012, this Court received a facsimile from Marshall's attorney.[2] In the letter, Marshall's counsel states that this Court does not have personal jurisdiction over Marshall, and that on or about November 25th, 2011, Marshall resigned from Tax Savers, and as such, is not acting in concert or

---

[1] Brandon Chanley is the Director of Field Operations for the "West 7 District" for Jackson Hewitt, Inc.

[2] Marshall's counsel is Jami M. Goldman, Esq., an Arizona attorney who is not licensed in the State or United States District Court of New Jersey, and is not seeking to make an appearance.

active participation with Tax Savers. Marshall's counsel also argues that Frontier is a Certified Public Accounting firm, and thus does not compete with the services provided by Jackson Hewitt. Plaintiff filed a response to this letter on January 3, 2012. Letter from James S. Coons, (Jan. 3, 2011) ECF No. 267.

## II.     STANDARD OF REVIEW

Injunctive relief is an "'extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharms. Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.2004) (citations omitted). A court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. at 708. FED. R. CIV. P. 65(d)(2) provides that the orders of an injunction bind the parties, the parties' officers, agents, servants, employees, and attorneys, and "other persons who are in active concert or participation" with any of the above, provided that such persons receive actual notice of the injunction, by personal service or otherwise.

## III.    DISCUSSION

This Court has previously found that Plaintiff demonstrated the existence of the four injunction criteria, with the issuance of a Preliminary Injunction in its favor on January 10, 2011, and a Permanent Injunction in its favor dated November 29, 2011. The issue presented here is not whether these four criteria have been demonstrated, but rather, whether the Court's Injunctions extend to Marshall, Tax Savers, and Frontier.

Marshall's former position as the General Manager of the Godbehere's former Jackson Hewitt franchises, and her current positions as enrolled agent, statutory agent, or manager of the Tax Savers and Frontier offices indicates to this Court that Marshall is acting in active concert or participation with the Godbehere Defendants in operating competing tax business in former Jackson Hewitt locations, in violation of the Injunctions issued by this Court. The record amply demonstrates that Marshall was aware of this Court's Injunctions, yet continued on in her operations at the Tax Savers and Frontier locations nonetheless. The Court therefore finds that Defendants are bound by the Preliminary and Permanent Injunctions issued on January 10, 2011 and November 29, 2011, respectively. The Court is mindful of the arguments raised in the letter from Marshall's counsel that Marshall has resigned from her position at Tax Savers. Marshall did not, however, submit any evidence to that effect. Plaintiff, meanwhile, submitted evidence to this Court on in its letter dated January 3, 2011 that strongly indicates that Marshall is in fact continuing on in her position at Tax Savers. The letter includes exhibits indicating that Marshall has not resigned, including a newspaper article dated December 30, 2011 listing Marshall as the "general manager and enrollment agent at Jackson Hewitt Tax Services in [the Sunrise location]," and evidence of phone calls placed on January 3, 2011 to former Jackson Hewitt locations in which "the person answering the telephone stated that Marshall was at the 'Wickenburg office' today, but that she was expected at the Sun City Tax Savers' office tomorrow after 1:00 p.m." Letter from James S. Coons; Dec. of Rubina Uzzaman, Ex. ECF No. 267-2; Zach Colick, Avoid Tax Time Headaches with Early Preparation, DAILY NEWS-SUN, Dec. 30, 2011, Ex. B to Uzzaman Dec., ECF No. 267-4.

Marshall's argument that this Court does not have personal jurisdiction over the matter is of no merit. "The mandate of an injunction runs nationwide, and the violation of an injunction is

cognizable in the court which issued the injunction regardless of where it occurred." JTH Tax, Inc. v. Lee, 540 F.Supp.2d 642, 647 (E.D. Va. 2007) (citing Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451 (1932), Stiller v. Hardman, 324 F.2d 626, 628 (2d Cir.1963)).  Further, "[n]onparties who reside outside the territorial jurisdiction of a district court may be subject to that court's [personal] jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order.  This is so despite the absence of other contacts with the forum." Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir.1985); see also Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391-92 (9th Cir.1995) (concurring with the reasoning of Waffenschmidt but declining to extend the holding to those residing outside of the United States); Savarese v. Agriss, 883 F.2d 1194, 1209 (1989) (only exception to rule that injunctions do not bind persons who are not actual parties to an action or in privity with any of them "involves nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant or his privy in violating the injunction"); 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2956 at 555-57 (1973) (accord).  As Marshall, Tax Savers, and Frontier are bound by this Court's Injunctions, and did have actual notice of those Injunctions, Marshall, Tax Savers, and Frontier are subject to this Court's jurisdiction.

    Finally, Marshall's argument that Frontier is only a Certified Public Accounting firm and thus not in competition with Jackson Hewitt is also of no merit.  Plaintiff's submissions demonstrate that there is a sign outside of Frontier's office at the Apache location indicating that Frontier also offers tax services.  Chanley Aff. ¶ 8, Dec. 14, 2011, ECF No. 251-6.  Marshall's counsel has submitted no evidence or statement to sufficiently rebut this showing.

**IV.     CONCLUSION**

        For the foregoing reasons, Plaintiff's Motion is **granted**. An appropriate Order accompanies this Opinion.

                    S/ Dennis M. Cavanaugh
                    Dennis M. Cavanaugh, U.S.D.J.

Date:     January  4 , 2012
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Joseph A. Dickson, U.S.M.J.
          File