NOT FOR PUBLICATION

| | |
|---|---|
| JACKSON HEWITT INC. | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| v. | |
| H.E.A.T. ENTERPRISES, LLC, et al. | Consolidated Case No. 10-cv-5108 (DMC) |
| Defendants. | |
| | REPORT AND RECOMMENDATION |

JOSEPH A. DICKSON, U.S.M.J.:

This matter is before this Court *sua sponte* for a Supplemental Report and Recommendation following the objections by Andrew Fournier ("Fournier") to the Report and Recommendation entered by this Court on December 21, 2011 (ECF #250); specifically, this Court will address Fournier's objections as to whether he was properly notified regarding Jackson Hewitt Inc.'s ("Jackson Hewitt" or "Plaintiff") motion for an order to show cause as to why Fournier should not be bound by the Injunction issued against H.E.A.T. Enterprises, LLC ("H.E.A.T."). Oral argument was heard on January 4, 2012. After considering the submissions of the parties, and for good cause, the supplemental recommendation of this Court is set forth for the reasons herein expressed separately below.

I. **Background**

The underlying factual histories of the cases in this consolidated matter have been addressed in various opinions issued by this Court, and will only be recited below to the extent necessary to address the instant motion for relief.

On January 5, 2011, Judge Dennis Cavanaugh entered an injunction against the H.E.A.T. Defendants (the "Injunction") prohibiting them from engaging in tax preparation services within the former H.E.A.T. franchise territory, and requiring them to comply with the franchise

agreement's post-termination requirements. Plaintiff subsequently brought a motion for an order to show cause why Traci Elter ("Elter") and Fournier should not be bound by the Injunction, which was referred to this Court.

On December 21, 2011, this Court issued a Report and Recommendation recommending that Elter and Fournier be bound by the Injunction issued against H.E.A.T. On December 29, 2011, Elter and Fournier filed objections to this Court's Report and Recommendation.

This Court does not feel it is necessary to address the majority of the objections raised by Elter and Fournier, and will leave the resolution of those objections to the sound discretion of Honorable Dennis M. Cavanaugh, U.S.D.J. However, this Court will supplement the record and the Report and Recommendation as to Fournier's objection regarding whether he received proper notice of Plaintiff's motion, and whether it was therefore procedurally proper for this Court to recommend Fournier be bound by the Injunction. Specifically, Fournier argues that he was not named in the moving papers and the effect of the Injunction as to him was only raised in the Reply papers, so he did not have notice of the order to show cause and therefore did not have an opportunity to properly defend himself.[1]

On January 4, 2012, this Court heard oral argument from the parties on the issue of whether Fournier was properly notified. During the hearing, this Court provided its recollection of the events that transpired in relation to the underlying motion. Specifically, this Court recounted a telephone conference that occurred in March 2011 between the Court, John Dienelt, counsel for Plaintiff, and Michael Einbinder, then-counsel for Fournier. During that conference, Plaintiff indicated it intended for Fournier to be subject to the order, and the parties discussed whether Plaintiff needed to file a new motion or whether the parties should move forward with

---

[1] The Court notes that a Sur-Reply was filed on May 6, 2011 (ECF 193), which directly addressed Fournier's involvement in H.E.A.T. The Court considered this Sur-Reply when recommending that Fournier be subject to the Injunction based on his active participation with H.E.A.T.

2

briefing the issue as part of the original motion; the parties decided to move forward with the motion and brief the issue.[2] Given that the parties addressed the issue during at least one conference with this Court and, at the very least, in the Reply and Sur-Reply briefs that were filed, this Court found that Fournier had proper notice. However, this Court is aware that the March conference occurred off the record and is also mindful of the fact that Fournier is now represented by new counsel. Accordingly, and out of an abundance of caution to ensure the matter was procedurally proper, this Court allowed the parties to file supplemental briefs on the issue of notice.

## II. Rule 65

Injunctions are governed by Federal Rule of Civil Procedure 65. Under Rule 65, an injunction binds "(A) the parties; (B) the parties' officers, agents, servants, employees and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)" provided such individuals "*receive actual notice of it by personal service or otherwise.*" FED. R. CIV. P. 65(d)(2) (emphasis added).

## III. Discussion

Although this Court allowed supplemental briefs on the issue of notice, Fournier's submission only briefly touches on the issue of whether he received proper notice; rather, as with the objections originally filed, the focus of Fournier's supplemental brief is a merits-based argument as to why he should not be bound by the Injunction issued against H.E.A.T. Even assuming that Fournier did not have proper notice so as to be able to defend himself when the order to show cause was first considered—a position with which the Court disagrees—it is clear

---

[2] In fact, although it does not specifically address the contents of the conversation, a letter submitted by Mr. Einbinder on April 13, 2011 (ECF 170) references the parties' agreement, reached during a March 29, 2011 conference call, for Fournier and Elter to provide additional briefing in opposition to Plaintiff's order to show cause application.

that Fournier has put forth a defense addressing the merits of Plaintiff's motion. Accordingly, to the extent there may have previously been any procedural infirmity, that infirmity has effectively been cured through Fournier's submissions on the merits of Plaintiff's motion.

Although Fournier addresses the merits of Plaintiff's motion, he provides this Court with scant facts to refute the evidence previously submitted by Plaintiff.[3] In his brief, Fournier states: "Fournier need not repeat and re-plead facts already known to the Court. Fournier, through and by his attorneys, merely reiterates for clarification to the Court that he NEVER OWNED H.E.A.T. nor was material to the operation thereof. At most Fournier, husband to Elter,[4] provided advise [sic] to H.E.A.T. personnel concerning questions as to how to improve the H.E.A.T. franchises." Fournier Br., ECF 278-1.

This Court accepts that Fournier is not an owner of H.E.A.T., and has never presumed otherwise.[5] In fact, in its Report and Recommendation, this Court did not find the issue of ownership to be dispositive, but rather based its recommendation on the fact that Fournier was in active concert or participation with H.E.A.T.

Unfortunately for Fournier, the "facts already known to the Court" demonstrate his extensive involvement with H.E.A.T. One bare-boned statement that "at most" Fournier advised H.E.A.T. personnel regarding ways to improve the franchise—a statement contained in a brief without any sworn statement certifying its accuracy—is simply insufficient to overcome (or even challenge) the ample evidence Plaintiff previously provided this Court regarding Fournier's

---

[3] In response to Fournier's supplemental brief, Plaintiff also submitted a supplemental brief in which Plaintiff offers new and additional affidavits for this Court to consider. Fournier objected to the introduction of new evidence. This Court did not consider the affidavits attached to Plaintiff's supplemental brief in connection with this Supplemental Report and Recommendation.

[4] As this Court stated at the January 4, 2012 hearing, this Court has always treated Elter and Fournier as separate individuals and has not imputed the acts of one onto the other; accordingly, Fournier's status as Elter's husband is irrelevant to this Court.

[5] Similarly, this Court did not assess whether Fournier was a "successor-in-interest" to H.E.A.T.

4

involvement with H.E.A.T. Accordingly, and for the reasons already addressed by this Court in its Report and Recommendation issued on December 21, 2011, this Court finds that Fournier actively participated in the operation of H.E.A.T.

The Court will briefly address Fournier's claim that if he is bound by the H.E.A.T. Injunction this Court is effectively expanding case law such that Fournier would be enjoined from performing tax preparation services anywhere in the country where Plaintiff has a territory. Fournier vastly overstates the implication of this Court's recommendation. This Court is *not* recommending an injunction at the national level or recommending that Fournier be enjoined from conducting tax preparation services in *any* location in which he may be competing with Plaintiff. Similarly, this Court is *not* extending the injunction entered against Fournier in a separate but related matter, i.e. the G.A.L.T. Injunction, to the H.E.A.T. territory. While Fournier would like to recast his tale as one in which one franchisee (Fournier) is being unfairly subjected to the terms of a covenant not to compete of another, separate, and totally unrelated franchisee (H.E.A.T.) with whom the first franchisee (Fournier) had no involvement or awareness, that is simply not the case. Rather, the basis for this Court's recommendation is Fournier's actions, both pre- and post- Injunction, with respect to H.E.A.T.

This Court is applying the principles underlying Rule 65, namely that an injunction binds "persons who are in active concert or participation" with an enjoined party provided such individuals "receive actual notice of [the injunction]." FED. R. CIV. P. 65(d)(2). There is no question that Fournier had notice of the H.E.A.T. Injunction, and, based on the evidence presented, this Court finds that Fournier actively participated in H.E.A.T.'s operations and, in so doing, attempted to evade that Injunction by continuing tax preparation services within the H.E.A.T. territory, albeit under a new name. As this Court previously stated, Fournier was active

in H.E.A.T.'s operations *prior to* the Injunction, and he *continued* his involvement *after* the Injunction; to allow Fournier to continue on with the H.E.A.T. business, and thereby evade the Injunction, simply because H.E.A.T. is now operating under a different name would fly in the face of equity and fairness. Accordingly, this Court again recommends the District Court find that Fournier is bound by the H.E.A.T. Injunction.

## IV. Conclusion

By way of the foregoing, this Court supplements both the record and the Report and Recommendation issued on December 21, 2011 (ECF 250), and respectfully recommends that the District Court grant Plaintiff's motion and find that Fournier is bound by the Injunction issued against the H.E.A.T. Defendants.

_____
JOSEPH A. DICKSON, U.S.M.J.


cc: Hon. Dennis M. Cavanaugh, U.S.D.J.