NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT, INC. | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Consolidated Case No. 10-cv-05108 (DMC) (JAD) |
| BARNES ENTERPRISES, et al; | |
| Defendants | |
| JACKSON HEWITT, INC. | |
| v. | |
| KATHRYNE L. WARD, | |
| Defendant | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") to Dismiss the Counterclaims of Defendant National Tax Network, LLC ("NTN"). ECF No. 235. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Plaintiff's Motion is **granted**.

I.   BACKGROUND

Plaintiff is a Virginia corporation with its principal place of business located in Parsippany,

New Jersey. Defendants related to this Motion are Kathryne L. Ward ("Ward"), a citizen of Arizona, and NTN. Ward signed as a guarantor for National Tax on several franchise agreements to operate Jackson Hewitt tax preparation businesses in Arizona beginning in 2004. The franchise agreements gave NTN the right to operate tax return businesses using Plaintiff's trade names, trademarks, service marks, and logos. NTN also received the right to use Plaintiff's proprietary business methods and software. On July 23, 2010, Plaintiff terminated the franchise agreements by letter to NTN and Ward.

During an August 30, 2011 status conference, Magistrate Judge Joseph A. Dickson ordered Defendants to answer the Complaint on or before September 8, 2011, to serve initial disclosures on Plaintiff on or before September 15, 2011, and to respond to Plaintiff's interrogatories and requests for production on or before September 15, 2011. ECF No. 222, 223. On September 6, 2011, Magistrate Judge Dickson entered a written Order confirming this schedule (the "September 6 Order"). ECF No. 222, 223.

NTN filed its Answer on September 8, 2011. ECF No. 227. The Answer asserts six Counterclaims, including allegations of: (1) fraudulent inducement and/ or negligent misrepresentation; (2) unfair competition and tortious interference with contract; (3) detrimental reliance; (4) fraud, intentional misrepresentation, and negligent misrepresentation; (5) declaratory judgment; and (6) breach of the implied covenant of good faith and fair dealing. Answer ¶¶ 80-160. On September 29, 2011, Plaintiff filed the present Motion, arguing that all Counterclaims should be dismissed as untimely, that Counterclaims One, Two, Three, Four, and Six fail to state a claim on which relief may be granted, and that Counterclaim Five should be dismissed as this Court has

already adjudicated the issue. NTN did not file Opposition to this Motion.[1]

## II.  LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

The same standard used to dismiss a complaint under Rule 12(b)(6) is applied to motions to dismiss counterclaims. See PPG Industries, Inc. v. Generon IGS, Inc., 760 F.Supp.2d 520, 524 (WD Pa. 2011). Therefore, this Court must "accept as true all of the allegations in the [Defendant's counterclaims] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989).

---

[1] The Court notes that as NTN has not responded to Plaintiff's Motion, the matter may be treated as if it were unopposed. See, e.g., Green v. Essex County Superior Court Clerk, No. 02-1872 2006 WL 932055, at *1, n.1 (D.N.J. April 6, 2006) ("Plaintiff did not respond to Defendant's motion; consequently, the Court will review the motion as unopposed.").

III.     DISCUSSION

On May 24, 2011, Plaintiff and its subsidiaries filed petitions for Chapter 11 reorganization in the United States Bankruptcy Court for the District of Delaware, Bankruptcy Case No. 11-11587. With these petitions, Plaintiff and its subsidiaries also filed a Joint Plan of Reorganization (the "Plan"). On August 9, 2011, the Bankruptcy Court signed and entered its Findings of Fact, Conclusions of Law, and Order approving the Plan, which has an effective date of August 16, 2011. Ex. 1 to Pl.'s Mot. Br.; ECF No. 235-2. Pursuant to the Confirmation Order, Plaintiff is discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code, and all claims against Plaintiff arising before the effective date of the Plan are therefore enjoined. Each of NTN's claims relate to Plaintiff's conduct in connection with NTN's acquisition of their franchises, and the eventual termination of those franchises in July of 2010. These events arose prior to Plaintiff's bankruptcy petition, and are not subject to any of the exceptions provided under 11 U.S.C. § 1141(d)(1)(A), the Plan, or the Confirmation Order. Accordingly, Plaintiff has been discharged from any liability on those claims.

Further, Counterclaim Five of NTN's Answer seeks a declaratory judgment as to Ward's status as a guarantor of the obligations of NTN. This is a familiar argument in this litigation, and the Court has repeatedly held that Ward is bound by the terms of the guarantee. See, e.g., Jackson Hewitt, Inc. v. Barnes Enters., No. 10-5108, 2011 U.S. Dist. LEXIS 41356, at *2-4 (D.N.J. April 15, 2011) (holding Ward bound by terms of Franchise Agreement). Accordingly, Counterclaim Five is dismissed.

IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss the Counterclaims of NTN is **granted**. An appropriate Order accompanies this Opinion.

                                                        Dennis M. Cavanaugh, U.S.D.J.

Date:       April 25, 2012
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.
            File