NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACKSON HEWITT, INC. | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| BARNES ENTERPRISES, et al; | : | Consolidated Case No. 10-cv-05108 (DMC) (JAD) |
| Defendants | : | |
| JACKSON HEWITT, INC. | : | |
| v. | : | |
| RONALD N. CLARK, | : | |
| Defendant | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff Jackson Hewitt, Inc. ("Plaintiff") for Default Judgment. ECF No. 240. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Plaintiff's Motion is **granted**.

### I.  BACKGROUND

Plaintiff is a Virginia corporation with its principal place of business located in Parsippany, New Jersey. Defendant Ronald N. Clark ("Defendant") is a citizen of Wyoming. Defendant entered

into three Franchise Agreements to operate Jackson Hewitt tax preparation businesses in Wyoming, and Defendant personally guaranteed each of those agreements (the "Franchise Agreements"). Ex. 1 to Dec. of Arnold Janofsky (the "Janofsky Dec."), ECF No. 240-3. The Franchise Agreements gave Defendant the right to operate tax return businesses using Plaintiff's trade names, trademarks, service marks, logos, and Plaintiff's proprietary business methods and software. On February 10, 2010, Plaintiff terminated the Franchise Agreements by letter to Defendant. One year later, Plaintiff commenced the present action. Compl., ECF No. 1 in Civ. No. 11-342

On September 7, 2011, the Honorable Joseph A. Dickson, U.S.M.J. entered a Supplemental Pretrial Scheduling Order (the "September Order"), requiring Defendant to file a responsive pleading to Plaintiff's Complaint or before September 15, 2011. ECF No. 226. The September Order also required Defendant to provide Plaintiff with Rule 26 disclosures on or before September 22, 2011, and to respond to Plaintiff's interrogatories and requests for production on or before September 22, 2011. The September Order warned that failure to follow this schedule would result in sanctions pursuant to FED. R. CIV. P. 16(f) and 37. Defendant did not comply with the September Order, and as of this date, has not filed a responsive pleading. On October 25, 2011, Plaintiff requested an entry of default, which the Clerk entered on October 26, 2011 (the "Clerk's Entry of Default"). ECF No. 238. On October 28, 2011, Plaintiff filed the present Motion, seeking money damages in the form of past due fees and an award of attorneys' fees and costs, and seeking an injunction enforcing the post-termination obligations of the Franchise Agreements. Defendant filed Opposition on January 29, 2012, in which he does not address the damages issues "for the purposes of efficiency to the Court," but only challenges the entry of an injunction. ECF No. 291. Defendant did not move to set aside the Clerk's Entry of Default. Plaintiff filed a Reply on February 6, 2012, arguing that the

Court should not consider Defendant's late filed Opposition. ECF No. 294. The matter is now before this Court.

## II.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure makes a distinction between an "entry of default" and a "judgment by default." FED. R. CIV. P. 55 states:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Default judgments are generally disfavored in the Third Circuit. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir.2008); see U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-195 (3d Cir.1984) ("[T]his court does not favor entry for defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245

(3d Cir.1951))). The decision to enter a default judgment is left primarily to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir.2000); $55,518.05 in U.S. Currency, 728 F.2d at 195.

### III.    DISCUSSION

#### A.    Whether Default Judgment is Warranted

The parties have not addressed the Chamberlain factors in their motion papers. Nonetheless, the Court will conduct a review of this matter under those factors, and will additionally consider the arguments of the parties regarding the entry of an injunction.[1]

As Plaintiff has not addressed the issue of prejudice, it is difficult to surmise what possible prejudice would exist if Default Judgment were not entered. The most obvious potential prejudices, those of additional costs in proceeding in this matter and a delay in satisfaction of a claim, do not support a finding of prejudice. See, e.g., Joint Welfare Fund, Local Union No. 164 v. Long, No. 09-873, 2010 U.S. Dist. LEXIS 85431, at *7 (citing Tozer, 189 F.2d at 246). Accordingly, this factor weighs against a Default Judgment.

The second factor, a showing of a meritorious defense, is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." Tozer, 189 F.2d at 244. Defendant has not filed an Answer. This factor therefore weighs in favor

---

[1] While Loc. Civ. R. 7.1(d)(7) permits the Court to reject Defendant's late filed brief, the Court will consider Defendant's arguments in the interests of justice.

of a Default Judgment.

The third factor requires a showing of culpable conduct. Culpable conduct involves conduct that is "taken willfully or in bad faith." Joint Welfare Fund, 2010 U.S. Dist. LEXIS 85431, at *8 (citing Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir.1983)). Defendant states that following settlement negotiations in September and October of 2011, "Clark notified the undersigned counsel to not expend any further time and resources because it was evident that [Plaintiff] would not accept anything less then what they demanded in their complaint . . . ." Def.'s Opp'n Br. 2. Following the Clerk's Entry of Default, Clark apparently reevaluated his prior course of action, and determined that he "cannot sit by and not oppose [Plaintiff's] application for a final injunction . . . ." Def.'s Opp'n Br. 3. By Defendant's own admission, therefore, the decision not to engage in litigation was entirely willful. This factor therefore weighs in favor of a Default Judgment.

Upon weighing these factors, the Court finds that Default Judgment is warranted.

**B.     The Remedies Sought**

The Franchise Agreements make clear that Plaintiff is entitled to an award of past due fees, as well as attorneys' fees and costs. Defendant has not challenged these amounts, and the Janofsky Declaration confirms that the amount sought is appropriate. Accordingly, the Court finds that Plaintiff is entitled to the monetary relief sought in this matter.

Plaintiff additionally seeks an injunction, pursuant to paragraph 28.14 of the Franchise Agreements, enforcing Defendant's post-termination obligations. Injunctive relief is an "'extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharms. Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.2004) (citations omitted). A court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer

irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. at 708. The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits elements of the standard for preliminary injunction, stating that . . . 'we cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent.'" Scholastic Funding Group, LLC v. Kimble, 2007 U.S. Dist. LEXIS 30333, at *28 (D.N.J. Apr. 24, 2007). Plaintiff meets each of these criteria.

Plaintiff is likely to succeed on the merits. Pursuant to the terms of the Franchise Agreements, Defendant was required to return all confidential materials, proprietary and trade secret information, and client files to Plaintiff upon termination. Paragraph 79 of the Complaint states that Defendant "has failed to turn over all confidential and proprietary information supplied by Jackson Hewitt, and all confidential and proprietary client information." Due to the Clerk's Entry of Default, Defendant has admitted these facts. Accordingly, Plaintiff is likely to succeed on its breach of contract claim.

Plaintiff has also demonstrated the likelihood of irreparable harm. Pursuant to paragraph 12.3.2 of the Franchise Agreements, Plaintiff agreed that the "unauthorized use or disclosure of our trade secrets, confidential and proprietary information will cause irreparable injury and that damages are not an adequate remedy." The irreparable harm in this matter flows from Defendant's possession of, and ability to use or disclose, that information. Further, despite the express terms of the Franchise Agreements, Plaintiff notes that "Clark has continued to use the Jackson Hewitt Marks to induce the consuming public to use Clark's income tax return preparation services and a pay day loan business." Compl. ¶ 80. "Lack of control over one's mark 'creates the potential for damage

to ... reputation[, which] constitutes irreparable injury for the purpose of granting a preliminary injunction in a trademark case.'" Kos Pharm., 369 F.3d at 727 (quoting Opticians Assoc. of Am. v. Indep. Opticians of Am., 920 F.2d 187, 196 (3d Cir.1990)). In light of the express terms of the Franchise Agreements, and Defendant's use of Plaintiff's marks, the Court little difficulty concluding that absent the enforcement of Defendant's post-termination obligations, Plaintiff would suffer irreparable harm.

The remaining criteria have also been met in this case. Plaintiff is seeking to enforce the terms of the Franchise Agreements, as signed by Defendant. Any hardship to Defendant in requiring him to adhere to the terms of this agreement is *de minimis*, considering that such terms were expressly agreed to. The hardships to Plaintiff, meanwhile, would potentially be significant, absent an injunction. Finally, as this Court has repeatedly noted in related cases, there is little doubt that the public has an interest in upholding freely negotiated and reasonable business contracts. Accordingly, Plaintiff is entitled to a permanent injunction enforcing the terms of the Franchise Agreements and Defendant's post-termination obligations.

The only remaining issue in this matter is the primary focus of Defendant's Opposition papers, namely, the portion of the injunction sought that prevents Defendant from operating a competing business "until two years from the date of this Court's Order." Pl.'s Proposed Order 3, ECF No. 240-9. Defendant complains that this constitutes an unjustified extension of the already agreed to non-compete clause in the Franchise Agreements. Def.'s Opp'n Br. 3-4. For two separate reasons, the Court agrees with Defendant.

First, Plaintiff seeks an injunction enforcing the terms of the Franchise Agreements. Paragraph 18.2 prevents Defendant from operating competing ventures "For a period of two (2) years

after the earlier of (1) the effective date of termination for any reason, or (2) the expiration of this Agreement, or (3) the day of sale . . . ." Plaintiff terminated Defendant's franchise on February 10, 2010. Accordingly, the non-compete clause commenced on that date. Enforcing a two year non-compete agreement from the date of this Court's Order would constitute an unwarranted extension of the Franchise Agreement's terms.

Second, the facts in this case do not support a finding that Defendant is operating a competing venture. While Defendant conceded all well pleaded factual allegations upon entry of default, allegations plead "upon information and belief" do not constitute well plead facts. Kingvision Pay-Per-View, Ltd. v. Los Mellizos Bar Rest. Corp., No. 06-6251, 2007 WL 1703773, at *2 (E.D.N.Y. June 8, 2007) (citing Kingvision Pay-Per-View, Ltd. v. 184-17 Jamaica Ave. Rest., Inc., No. 05-3751, 2007 WL 106294, * 3 (E.D.N.Y. Apr. 4, 2007)). Accordingly, Defendant has not conceded Plaintiff's allegation that "upon information and belief, Clark is engaged in Competing Tax Businesses within his former territories under the Franchise Agreements." Compl. ¶ 71.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **granted**. An appropriate Order accompanies this Opinion.

                                                     S/ Dennis M. Cavanaugh
                                                    Dennis M. Cavanaugh, U.S.D.J.

Date:  May  7 , 2012
Orig.:  Clerk
cc:  All Counsel of Record
      Hon. Joseph A. Dickson, U.S.M.J.
      File