IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JACKSON HEWITT INC.
                *Plaintiff*,

-v-

BARNES ENTERPRISES, INC., et al;
                *Defendants*.

Case No.: 2:10-cv-05108 (DMC) (JAD)

# JACKSON HEWITT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**ANSA ASSUNCAO, LLP**
Two Tower Center Boulevard, Suite 1600
East Brunswick, New Jersey 08816
Ph: (732) 993-9850

**QUARLES & BRADY, LLP**
1700 K Street, NW
Washington, DC 20006
Ph: (202) 372-9510

*Attorneys for Plaintiff Jackson Hewitt Inc.*

## TABLE OF CONTENTS

                                                                                                              **Page**

I.     INTRODUCTION ................................................................................................... 1

II.    RELEVANT BACKGROUND FACTS ................................................................... 1

III.   JACKSON HEWITT IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS VIII, IX, AND XII ................................................................................. 3

        A.     Jackson Hewitt Has Met Its Burden Entitling It To Summary Judgment On Counts VIII, IX, And XII ................................................................................. 3

        B.     Jackson Hewitt Is Entitled To Interest On Amounts Due And Owing Under The Franchise Agreements And Notes At The Contractually Agreed Upon Rate ................................................................................. 4

        C.     Defendants' Argument Regarding Attorneys' Fees Is Premature ........................ 6

IV.   CONCLUSION ........................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Capital One Bank v. Monge,*
  380 N.J. Super. 266 (Ch. Div. 2005) ...............................................................................5

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ........................................................................................................3

*Karpas v. Trimark Sportswear Group (U.S.) Ltd.,*
  No. 04-5458, 2005 WL 1420822 (D.N.J. June 15, 2005) ..............................................6

*Khrakovskiy v. Denise,*
  No. 06-1033, 2009 WL 3380326 (D.N.J. Oct. 19, 2009) ...............................................5

*Knauss v. Dwek,*
  No. 01–3662, 2006 WL 1098031 (D.N.J. Mar.31, 2006) ...............................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) ........................................................................................................4

*N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., a Div. of Keller Sys., Inc.,*
  158 N.J. 561 (N.J. 1999) .................................................................................................5

*Nevets C.M. Inc. v. Nissho Iwai Am. Corp.,*
  726 F. Supp. 525 (D.N.J. 1989), *aff'd,* 899 F. 2d 1218 (3d Cir. 1990) ..........................4

*Ramada Worldwide Inc. v. Shriji Krupa, LLC,*
  No. 07–2726, 2009 WL 1490577 (D.N.J. May 27, 2009) ..............................................5

*Red House Capital LLC v. Nirvana Pool & Spa LLC,*
  No. 09-5618, 2012 WL 253128 (D.N.J. Jan. 25, 2012) ..................................................5

*Red Roof Franchising, LLC v. AA Hospitality Northshore, LLC,*
  No. 09-5618, 2012 WL 2522964 (D.N.J. June 28, 2012) ...............................................3

*Shadow Lawn Sav. & Loan Ass'n v. Palmarozza,*
  190 N.J. Super. 314, 463 A.2d 384 (App. Div. 1983) ................................................5,6

*Stuchin v. Kasirer,*
  237 N.J. Super. 604 (App. Div. 1990) ............................................................................5

*W.B. v. Matula,*
  67 F.3d 484 (3d Cir. 1995) .............................................................................................4

**OTHER AUTHORITIES**

Civil Rule 54.2 ..................................................................................................................6

Fed. R. Civ. P. 56 ..............................................................................................................3

Fed. R. Civ. P. 56(c) .........................................................................................................3

New Jersey Court Rule 4:42-11 .......................................................................................1

New Jersey Court Rule 4:42-11(a) .................................................................................. 4

Plaintiff Jackson Hewitt Inc. ("Jackson Hewitt") submits the following reply brief in support of its motion for summary judgment against Defendants Barnes Enterprises, Inc. ("Barnes Enterprises") and Richard S. Barnes ("Barnes"). Defendants have misconstrued New Jersey law regarding interest that should be awarded pursuant to the parties' rates provided in written agreements and have presented their argument regarding attorneys' fees prematurely.

## I. INTRODUCTION

Defendants have failed to set forth sufficient facts to preclude summary judgment on Counts VIII, IX, and XII. They have conceded liability on those Counts. Defendants' opposition raises issues only as to (1) the interest rate applicable to the amounts owed to Jackson Hewitt pursuant to the parties' written agreements and (2) the amount of attorneys' fees to which Jackson Hewitt will be entitled as a result of prevailing on Counts VIII, IX, and XII. Defendants' attempt to benefit from their default by asserting that the interest rate that should be applied to the amounts they owe is to be governed by New Jersey Court Rule 4:42-11 instead of the rate contractually agreed upon between the parties. Defendants' argument is not correct. Defendants' argument concerning attorneys' fees is premature and should be disregarded until such time as the parties have submitted attorneys' fees petitions in connection with the Court's decisions on the parties' respective motions for summary judgment.

## II. RELEVANT BACKGROUND FACTS[1]

Jackson Hewitt entered into nine substantially identical franchise agreements with Barnes Enterprises for the operation of certain Jackson Hewitt income tax preparation businesses in South Carolina. (Docket No. 340-20, Jackson Hewitt's Statement of Material Facts submitted

---

[1] This section summarizes relevant facts that are also set forth in Jackson Hewitt's opening brief. *See* Docket No. 340-1 at 2-5. They are summarized here for the Court's convenience.

in support of its Motion for Summary Judgment ("SMF") ¶ 4). Barnes signed each of the franchise agreements on behalf of Barnes Enterprises. (SMF ¶ 5). Contemporaneously with the signing of each franchise agreements, Barnes entered into guaranties with Jackson Hewitt, personally guarantying Barnes Enterprises' performance and obligations under each of the franchise agreements. (SMF ¶ 6; Docket No. 340-5, Affidavit of Arnold Janofsky submitted in support of Jackson Hewitt's Motion for Summary Judgment, ¶ 10, Exhs. A-I at Guaranty). Barnes signed each of the guaranties. (SMF ¶ 7).

On or about November 10, 2008, promissory notes for territories under the SC009 franchise agreement and SC018 franchise agreement were made by Barnes Enterprises and Barnes in favor of Jackson Hewitt. (SMF ¶ 15). Additionally, on or about November 1, 2009, another promissory note was made by Barnes Enterprises and Barnes in favor of Jackson Hewitt for all territories under the various franchise agreements (together with the promissory notes for territories under the SC009 franchise agreement and SC018 franchise agreement, "Notes"). (SMF ¶ 16).

Pursuant to the terms of the franchise agreements, Barnes Enterprises was obligated to pay Jackson Hewitt royalty fees, advertising fees, electronic filing fees, and other fees. (SMF ¶ 8-11). Pursuant to the terms of the Notes, Defendants, jointly and severally, agreed to pay the principal sums as set forth therein, as well as interest accrued thereon. (SMF ¶ 18). Pursuant to the terms of the guaranties, Barnes guaranteed that Barnes Enterprises would "timely and fully perform each and every provision, covenant, payment, agreement and undertaking found in the Franchise Agreement, . . . any Note . . . and any other Collateral Agreement with Jackson Hewitt." (SMF ¶ 15). Additionally, Barnes agreed, among other things, that Jackson Hewitt may "resort to [Barnes] for payment of any [of Barnes Enterprises'] liabilities." *Id.*

2

Furthermore, Barnes agreed that he would personally comply with all of Barnes Enterprises' post-termination obligations, including payment of amounts due and owing under the franchise agreements and Notes. *Id.* Defendants agreed to pay interest to Jackson Hewitt at the rate of eighteen percent (18%) per year, or at the highest legal rate of interest permitted by law, whichever was less, on any amounts owed to Jackson Hewitt that were more than five (5) days overdue. (SMF ¶¶ 12 and 18). Further, pursuant to section 28.18 of the franchise agreements, Barnes Enterprises expressly agreed that "the non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees and court costs, incurred by the prevailing party to enforce [these] Agreement[s] or any Collateral Agreement[s]." (SMF ¶ 14).

### III. JACKSON HEWITT IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS VIII, IX, AND XII

#### A. Jackson Hewitt Has Met Its Burden Entitling It To Summary Judgment On Counts VIII, IX, And XII[2]

Pursuant to Fed. R. Civ. P. 56, summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Red Roof Franchising, LLC v. AA Hospitality Northshore, LLC,* 2012 No. 09-5618, WL 2522964, at *4 (D.N.J. June 28, 2012) (citing

---

[2] This section summarizes the legal standards regarding summary judgment that are also set forth in Jackson Hewitt's opening brief. *See* Docket No. 340-1 at 5-6. They are summarized here for the Court's convenience.

3

Anderson, 477 U.S. at 256-57). Accordingly, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). If the terms of a contract are unambiguous, a court may construe the meaning or requirements of a contract as a matter of law for purposes of summary judgment. *W.B. v. Matula,* 67 F.3d 484, 497 (3d Cir. 1995); *Nevets C.M. Inc. v. Nissho Iwai Am. Corp.,* 726 F. Supp. 525, 531 (D.N.J. 1989), *aff'd,* 899 F. 2d 1218 (3d Cir. 1990). Defendants have failed to raise genuine issues of material fact to preclude summary judgment on Counts VIII, IX, and XII. In fact, Defendants have conceded liability on those Counts by failing to oppose them.

> **B.  Jackson Hewitt Is Entitled To Interest On Amounts Due And Owing Under The Franchise Agreements And Notes At The Contractually Agreed Upon Rate**

Defendants' argument that the interest rate to be applied should be governed by New Jersey Court Rule 4:42-11(a), disregards the written agreements between the parties and mischaracterizes New Jersey law.[3] The rate upon which Defendants rely is often used in cases when there is no contractual rate of interest provided for in an agreement between the parties. None of the cases cited by Defendants in their opposition are analogous to the situation at issue here as the parties in those cases did not have a contract provision setting the rate of interest.

---

[3] As of the time of the filing of Jackson Hewitt's Verified Complaint, on October 4, 2010, Defendants owed approximately $1,234,073.24 in past due royalties, advertising fees, rents, outstanding billed promissory notes, remaining unbilled promissory notes, and interest, with interest accruing at the contractually agreed upon rate of 18% per year until the balance is paid in full. (SMF ¶ 27). As of December 14, 2012, Defendants owe Jackson Hewitt $490,518.76 in interest on such amounts. (SMF ¶ 28). In total, Defendants owe Jackson Hewitt $1,724,592.00. The uncontested amount owed by Defendants, as noted in their opposition, which is based on a 3.5% rate of interest, is $1,070,929.44. *See* Docket No. 346 at 4.

4

Pursuant to the terms of the written agreements between the parties, Jackson Hewitt is entitled to interest at a rate of eighteen percent on all amounts due and owing as a result of Defendants' defaults. (SMF ¶¶ 12 and 18). That is the rate that the parties agreed, by contract, would be applied to unpaid balances under their written agreements. When a contract specifies an interest rate to be used in connection with amounts due and owing, that rate is to be applied. *Red House Capital LLC v. Nirvana Pool & Spa LLC,* No. 09-5618, 2012 WL 253128 (D.N.J. Jan. 25, 2012) ("When a contract provides for a rate at which to calculate prejudgment interest, that rate is used.") (*citing Ramada Worldwide Inc. v. Shriji Krupa, LLC,* No. 07–2726, 2009 WL 1490577, *5 n. 6 (D.N.J. May 27, 2009) ("The [prejudgment] interest is calculated based on a contractual rate ...") and *Knauss v. Dwek,* No. 01–3662, 2006 WL 1098031, *5 (D.N.J. Mar.31, 2006) (finding that language in the mortgage and promissory note evidenced the parties' intent to apply the contracted for rate of interest to any judgment)); *see also Capital One Bank v. Monge,* 380 N.J. Super. 266, 269 (Ch. Div. 2005) ("Where the contract is specific, the clerk is authorized to award interest at the contract rate."); *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., a Div. of Keller Sys., Inc.,* 158 N.J. 561, 576, (N.J. 1999) (ordering payment of contractual interest rate of eighteen percent on amounts owed for late rental payments for all periods except period where Court was rendering its judicial decision). Accordingly, the contractual interest rate of eighteen percent applies to the amounts Defendants owe.[4] *See Shadow Lawn Sav. & Loan Ass'n v. Palmarozza,* 190 N.J. Super. 314, 318, 463 A.2d 384, 386 (App. Div. 1983) ("The total unpaid principal and accrued interest should be determined as of the date the mortgage was declared in

---

[4] Defendants cannot raise a defense of usury. *See Khrakovskiy v. Denise,* No. 06-1033, 2009 WL 3380326, *5 (D.N.J. Oct. 19, 2009). However, in any event, the interest rate of eighteen percent is not usurious. *See, e.g., Stuchin v. Kasirer,* 237 N.J. Super. 604, 614 (App. Div. 1990) (finding post-default increase in interest rate permissible).

default and the full debt accelerated. From that date until the date of entry of judgment, interest will run at the contract rate of 9½% per annum on the full unpaid principal and interest due as of the date the mortgage was declared in default.").[5]

### C. Defendants' Argument Regarding Attorneys' Fees Is Premature

Defendants are correct that Jackson Hewitt has not submitted a fee petition in reference to its claim for attorneys' fees as to Counts VIII, IX, and XII. Jackson Hewitt sought leave to submit its petition for fees in connection with its motion for summary judgment. *See* Docket No. 340 at p. 14 ("Having established that Jackson Hewitt is entitled to summary judgment on Count VIII against Barnes Enterprises, Count IX against Defendants, and Count XII against Barnes, Jackson Hewitt is entitled to its reasonable attorneys' fees and costs incurred in connection with pursuing its claims on those counts. Accordingly, Jackson Hewitt requests leave to submit an affidavit establishing these amounts in accordance with Local Civil Rule 54.2."). Accordingly, Defendants' argument regarding the amount of attorneys' fees Jackson Hewitt's is entitled to pursuant to the terms of the written agreements is premature and should be disregarded until such time as the parties have submitted attorneys' fees petitions in connection with the Court's decisions on the parties' respective motions for summary judgment.

---

[5] The same interest rate should apply to the amounts after judgment has been rendered in this action as well. *See Karpas v. Trimark Sportswear Group (U.S.) Ltd.,* No. 04-5458, 2005 WL 1420822 (D.N.J. June 15, 2005) ("'When the legal rate is less than the contract rate it may be equitable to allow interest to run on the judgment at the contract rate to avoid prejudice,' to the plaintiff.") (*quoting Shadow Lawn Sav. Loan Ass'n,* 190 N.J.Super. at 318).

## IV. CONCLUSION

For the foregoing reasons, Jackson Hewitt requests that the Court grant its motion for summary judgment in its entirety and enter judgment in the amount of $1,724,592.00 or, in the alternative, if the Court concludes the correct interest rate is the interest rate argued by Defendants, $1,070,929.44.


Dated: January 15, 2013                    Respectfully submitted,

                                           /s/ James S. Coons
                                           James S. Coons
                                           ANSA ASSUNCAO, LLP
                                           Two Tower Center Boulevard, Suite 1600
                                           East Brunswick, New Jersey 08816
                                           Telephone: 732-993-9850
                                           Facsimile: 732-993-9851
                                           James.Coons@ansalaw.com

                                           John Dienelt (*Pro Hac Vice*)
                                           Quarles & Brady, LLP
                                           1700 K Street, NW
                                           Washington, DC 20006
                                           (202) 372-9510
                                           John.Dienelt@quarles.com
                                           *Attorneys for Plaintiff Jackson Hewitt Inc.*