NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT, INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Case No. 10-cv-5330 (formerly Consolidated Case No. 10-cv-05108) (DMC) (JAD) |
| DJSG UTAH TAX SERVICE, LLC, DONALD GODBEHERE, and SHEILA GODBEHERE, *et al.*; | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants Donald Godbehere and Sheila Godbehere (collectively, "Defendants"), pursuant to FED. R. CIV. P. 60(b)(6), for Relief from this Court's November 28, 2011 Order. (ECF No. 339 in Case No. 10-5108)[1]. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and for the reasons stated herein, Defendants' Motion for Relief is **denied**.

# I. BACKGROUND

On October 28, 2010, Plaintiff Jackson Hewitt filed a Complaint against Defendants. (Civil Action No. 10-cv-05330, ECF No. 1). On January 10, 2011, the Court granted Jackson

---

[1] Unless otherwise indicated, all citations to ECF filings come from the 2:10-cv-5108 docket.

Hewitt's application for a preliminary injunction enjoining Defendants, and those in active concert or participation with them, from, among other things, violating the post-termination obligations contained in the franchise agreements. (ECF No. 68). On November 28, 2011, this Court granted Jackson Hewitt's motion for sanctions and default judgment against Defendants following the Defendants failure to obey an Order of the Court. (ECF No. 244). The accompanying Order granted Jackson Hewitt's application for a permanent injunction, enjoining Defendants and those acting in concert with them from operating competing tax preparation businesses in Defendants' former Jackson Hewitt franchise territories for a period of two years, beginning on the date of the Order.

Defendants filed the instant Motion for Relief and an accompanying Moving Brief ("Def. Br.") on November 27, 2012. (ECF No. 339). Jackson Hewitt filed an Opposition Brief ("JH Opp. Br.") on January 8, 2013. (ECF No. 347). The matter is now before this Court.

## II. STANDARD OF REVIEW

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: any other reason that justifies relief." Relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances." Martinez–McBean v. Government of V.I., 562 F.2d 908, 911 (3d Cir.1977). "The correction of legal errors committed by the district courts is the function of the Courts of Appeals. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 173 (3d Cir.2004).

## III. DISCUSSION

The Defendants' specific objections to this Court's November 28, 2011 Order pertain to Paragraph Six, which permanently enjoins the Defendants from competing with Jackson Hewitt for two years *from the date that the Order was entered* (emphasis added). The sole basis for this objection is that it is inconsistent with a similar injunction ordered by this Court in a separate action by Jackson Hewitt against Ronald N. Clark ("Clark"). Defendants argue that the Order that applies to Clark "appropriately held that the date by which Clark's non-compete was to begin was on the date [Jackson Hewitt] terminated Clark's franchise agreement and that the same holding should be applied to the Defendants." (Def. Br. 6). Defendants further argue that the Court's Order that applies to the Defendants should also only enjoin them from competing with Jackson Hewitt for a period of two years from the time that Jackson Hewitt terminated its Franchise Agreement with Defendants, rather than a period of two years that began on the date that the Order was entered. (Def. Br. 6, 7). Defendants fail to cite to any case law in support of their argument.

As this Court has previously stated, "Rule 60(b)(6) relief is available only in cases evidencing extraordinary circumstances." Howard Intern., Inc. v. Cupola Enterprises, LLC, No. 01-1205, 2006 WL 625210, *2 (D.N.J. Mar. 10, 2006) (citations omitted). Such circumstances do not exist here. In the instant matter, the facts warranted an extension of the covenant not to compete beyond the terms of the franchise agreement. The Defendants did not comply with the terms of injunction provision in the franchise agreement. Instead, the Defendants, and those acting in concert with them, continued operating competing tax preparation businesses in Defendants' former Jackson Hewitt franchise territories for over one year after termination of

their franchise agreements, in violation of the franchise agreement's covenant not to compete and the Court's injunctions issued on January 10, 2011 and November 28, 2011. (See ECF Nos. 67 (preliminary injunction against Defendants and those acting in concert with Defendants), 244 (permanent injunction against Defendants and those acting in concert with Defendants), and 268 (Order extending injunctions to those acting in concert, namely, Stephanie Marshall, Frontier Accounting Service, LLC, and Tax Savers Accounting, LLC)). Accordingly, this Court was justified in extending the injunction beyond the terms of the franchise agreement because Defendants, and those acting in concert with them, actively engaged in competition in violation of the franchise agreements and the Court's injunctions. See Jackson Hewitt Inc. v. Childress, No. 06-cv-0909 DMC, 2008 WL 834386, *11 (D.NJ. Mar. 27, 2008) (extending injunction for twenty-four months beginning on the date of compliance with the covenant not to compete).

Furthermore, the Defendants request for relief from Paragraph 6 of the November 28, 2011 Order fails because this Court need not consider this Motion while an appeal of the same Order is currently pending before the United States Court of Appeals for the Third Circuit. FED. R. CIV. P. 62.1 provides that in instances where a "motion is made for relief that the court lacks authority to grant because an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state that either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Here, the Defendants have already appealed the Court's November 28, 2011 Order to the United States Court of Appeals for the Third Circuit. See ECF Nos. 261, 272; Appeal No. 11-4647 (3d Cir.). Thus, the Court denies Defendants' motion pursuant to Rule 62.1

Accordingly, the Court properly extended the injunction beyond the terms of the franchise

agreement, and further, is within its right to deny the instant Motion, as an Appeal has already been filed as to this exact same issue.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Relief of the Court's November 28, 2011 Order is **denied**. An appropriate Order accompanies this Opinion.

                                                                        _____
                                                                        Dennis M. Cavanaugh, U.S.D.J.

Date:       June 5, 2013
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.
            File